Robert B. STOGNER, d/b/a Head-quarters Family Hair Care Center of Murray, Ky., etc., et al, Plaintiff,

v.

COMMONWEALTH OF KENTUCKY, et al, Defendant.

Civ. A. No. 84–0180–P(J).

United States District Court, W.D. Kentucky, Paducah Division.

Feb. 2, 1985.

Gary P. Haverstock, Hurt Haverstock & Jones, and Joseph W. Bolen, Murray, Ky., for Linda Alexander.

Robert Bullock, Frankfort, Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This matter is before the court on defendants' motion to dismiss. Plaintiffs are Robert Stogner, a barber and owner of Headquarters Family Hair Care Center of Murray, Kentucky, four other barbers who worked in Stogner's shop, and one of the shop's customers. Defendants are the Commonwealth of Kentucky, the Kentucky Board of Barbering (Board), the members of the Board, and various administrators and inspectors for the Board. Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 alleging that defendants violated plaintiffs' constitutional rights when they revoked plaintiffs' licences upon Stogner's refusal to allow inspections of occupied barbering booths.

Jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1343.

The facts are not in dispute. On two occasions in 1982 Stogner refused to allow an authorized inspector of the Board to inspect booths in his shop which were occupied by patrons. He claimed that these inspections would have violated his customers' right to privacy. His refusals led to revocation of his shop license. Stogner appealed the Board's order of revocation to the Franklin Circuit Court which affirmed the Board's decision. He then appealed to the Kentucky Court of Appeals which also affirmed the revocation. Despite the order, Stogner continued to run his shop. Thus, in March, 1984 the Board determined that Stogner and his employees were practicing barbering in an unlicenced shop, and ordered that their personal licenses to practice barbering be revoked.

Plaintiffs filed suit in this court demanding civil damages and injunctive relief for violation of their constitutional rights. Defendants then filed this motion to dismiss claiming that the eleventh amendment bars plaintiffs' action because the Commonwealth is the real, substantial party in interest, that the Commonwealth and the Board are not "persons" within the meaning of 42 U.S.C. §§ 1981, 1983, and 1988, and that the individual members of the Board are entitled to judicial immunity. They also contend that the claims are barred by the statute of limitations and res judicata.

At the outset the court holds that the eleventh amendment does bar this action as it relates to the Commonwealth of Kentucky and the Board. It is clear that "an unconsenting State is immune from suits brought in federal courts...." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973). In addition, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). "This jurisdictional bar applies regardless of the nature

of the relief sought." *Id.* Although Congress has the power to abrogate eleventh amendment immunity with respect to fourteenth amendment rights, there must be an "unequivocal expression of congressional intent" to overturn the immunity. *Id.* 104 S.Ct. at 907. Thus, the Court has held that 42 U.S.C. § 1983 does not override eleventh amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). In this case, the court finds neither consent to suit by the state, nor an unequivocal congressional intention by Congress to override eleventh amendment immunity. Thus, defendants Commonwealth of Kentucky and the Board are immune from suit, and all of plaintiffs' claims against them both legal and equitable shall be dismissed.

Next, the court turns to plaintiffs' claims against the remaining defendants, the members of the Board and its employees, Noel Eugene "Gene" Record and James Stallings, and finds that plaintiff has not stated a claim against them upon which relief can be granted. In order to state a claim under 42 U.S.C. § 1981, a plaintiff must show that he has been subjected to discrimination because of race. Plaintiffs did not allege in their complaint discrimination on the basis of race; therefore, they have not stated a cause of action under § 1981.

To state a claim under § 1983, a party must allege that some person has deprived him of a federal right under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Plaintiffs' first claim is that defendants violated their fourth amendment right against unreasonable searches and seizures when they conducted a warrantless search of plaintiffs' business without plaintiffs' consent. The general rule is that warrantless searches are unreasonable whether the search is of a private home or a commercial business. *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). However, an exception to this rule has been formulated for "pervasively regulated" businesses, *United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); and for closely regulated industries long subject to close supervision and inspection, *Colonnade Catering Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970), such as businesses selling liquor or firearms. "The element that distinguishes these enterprises from ordinary busnesses is a long tradition of close government supervision...." *Marshall v. Barlow's Inc.,* 436 U.S. 307, 313, 98 S.Ct. 1816, 1821, 56 L.Ed.2d 305 (1978). A businessman in a regulated or licensed business "in effect consents to the restrictions placed upon him." *Id.*

The court holds that barbering and barber shops are regulated and licensed industries such that the Board may conduct routine inspections of barbershops without a search warrant. Everyone who practices barbering, teaches barbering, or operates a barbershop must obtain a license from the state. KRS 317.420. The Board is authorized to prescribe rules and regulations pertaining to health and sanitation, the location of barbershops, and the quantity and quality of equipment, supplies, and materials required in barbershops. KRS 317.440. Statutory sanitation requirements cover details as miniscule as providing a relaundered towel for each customer and placing a strip of cotton or towel around each patron's neck. KRS 317.580. Failure to comply with the rules and regulations of the Board is grounds for license revocation. KRS 317.590. Since barbering is closely regulated, supervised, and inspected by the state, it is not unreasonable for the Board to conduct warrantless inspections to protect the health and safety of the public.

Plaintiffs argue that since the booths are private and their patrons choose plaintiffs shop because it offers this privacy, the patrons have a reasonable expectation of privacy while they are inside the booths. Thus, defendants must obtain a warrant before they inspect occupied booths in the shop. Moreover, plaintiffs contend that their customers have a right to privacy while they are in the booths. These patrons are of both sexes and they would be

**4**

embarrassed to be seen in hair-curlers or without their toupees.

The court does not agree that defendants right to inspect the barbershop does not extend to the booths. The rationale for permitting a warrantless inspection is the close regulation of barbering by the Commonwealth. Many of the applicable rules and regulations concern the practice of barbering itself as well as the condition of the barbershop. The inspector would have no way to determine whether the barbers inside the booths were following the regulations if he could not inspect them while they were occupied. Thus, the court finds that it is not unreasonable for defendants to require inspection without a warrant of plaintiffs' booths when they are occupied. In addition, the court finds that plaintiffs have asserted no constitutional right to privacy. One receiving services in a barbershop is fully clothed and in an uncompromising position. Although the court encourages the Board's inspectors to take the customers' discomfort into consideration and wait to inspect the booths until they are free, they do not have a constitutional obligation to do so.

The court notes that this holding is restricted to these facts. It makes no finding as to the propriety of inspections of other businesses, or in other situations where individuals might be seen in circumstances more compromising than those outlined here. It holds only that inspectors for the Board of Barbering may conduct warrantless inspections of barbershops including barbering booths whether or not those booths are occupied.

■■■ Finally, the court finds that plaintiffs have not stated a cause of action for harrassment or arbitrary and capricious enforcement of the law. Plaintiffs claim that they have been harrassed by defendants' revocation of their licenses. However, since defendants had the right under Kentucky law to revoke plaintiffs' licenses for violation of the Board's rules and regulations, that revocation does not amount to harrassment. Plaintiffs claim that another barbershop which offered private booths to its customers was not submitted to inspection of its occupied booths. The state must have some discretion in deciding the scope of its inspections. Although that discretion is not unlimited, the court finds that the allegation that one barber received more favorable treatment than plaintiffs does not state a cause of action for arbitrary and capricious enforcement of the law.

Thus, plaintiffs have failed to allege any violation of their constitutional rights, and consequently, any violation of 42 U.S.C. § 1983. The accepted rule is that a compliant should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 98, 102, 2 L.Ed.2d 80 (1957). The defendants have met this burden. Plaintiffs have failed to state a claim upon which relief can be granted.

Accordingly, defendants motion to dismiss shall be granted and all of plaintiffs claims shall be dismissed.