Israel D. WILSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 98–SC–0523–DG.

Supreme Court of Kentucky.

Aug. 26, 1999.

Thomas L. Conn, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

## OPINION OF THE COURT

■ This Court granted discretionary review and upon due consideration of the briefs filed herein and after having heard oral argument, has determined that the Opinion of the Court of Appeals rendered on June 12, 1998, appropriately represents our view. Accordingly, we hereby adopt the Opinion of the Court of Appeals and reproduce it in full herein:

BEFORE: COMBS, HUDDLESTON and KNOPF, Judges.

HUDDLESTON, JUDGE. Israel Wilson entered a conditional plea of guilty, pursuant to Ky.R.Crim.Proc. (RCr) 8.09, to trafficking in marijuana within one thousand yards of a school, Ky.Rev.Stat. (KRS) 218A.1411, and to the status offense of being a second-degree persistent felony offender, KRS 532.080(2). He appeals from the denial of his motion to suppress evidence seized pursuant to a warrantless search of his automobile by parole officers incident to his arrest for violations of the conditions of his parole.

In July 1996, Parole Officers Bobbi Kelly and David Rupard went to a "halfway house" to arrest Wilson for violating parole a second time. Wilson had been remanded to the halfway house as a result of a positive drug test that violated the conditions of his parole. The officers performed a pat down search and found $373.00 in Wilson's pocket. He told the officers the money had been earned as the result of employment at a fast-food restaurant. While the officers waited for a patrol car to transport Wilson to jail, Wilson asked if he could call someone to move his car. For reasons that will be discussed momentarily, the officers' suspicion was aroused and they undertook a search of the automobile. In the trunk, they found several bags of marijuana and a scale. This discovery led to the charges to which Wilson conditionally pled guilty.

Wilson argues that the search of his car violated his right to be free from an unreasonable search guaranteed by the Fourth Amendment of the United States Constitution and Section 10 of the Constitution of Kentucky. Although the parole officers testified that Wilson consented to the search of his automobile, Wilson denied that he had done so. The trial court made no finding either way, concluding instead that contemporaneous consent was unnecessary because Wilson had given prior consent to the search of his person and his property as a condition of his parole.

When he was offered parole from an earlier conviction, Wilson agreed that he would be "subject to search and seizure if my [parole] officer has reason to believe that I may have illegal drugs, alcohol, volatile substance, or other contraband on my person or property."

The United States Supreme Court has ruled that a state may issue regulations that allow probation and parole officers to search a person on probation or his property without a warrant. *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987).[1] While the reasonable search requirement of the Fourth Amendment still applies, the requirement for a search warrant supported by probable cause does not. According to the Court, "[a] state's operation of a probation system, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise pres-

1. Although *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), deals with a defendant who was on probation, the decision applies with equal force to an individual on parole.

ents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." 483 U.S. at 873, 107 S.Ct. at 3168, 97 L.Ed.2d at 717.

Like the Supreme Court in *Griffin*, we believe that the operation of the parole system presents "special needs"[2] beyond normal law enforcement. The parole system allows for the early release of convicted criminals from prison, but does not grant complete freedom. It is imperative that the Commonwealth impose conditions of release on parolees to ensure that parole is a period of genuine rehabilitation and that those released on parole do not become a threat to the community. Undoubtedly, the Commonwealth may remand parolees to the control of the Division of Probation and Parole and may subject them to certain conditions. KRS 439.470–480. One of the conditions to which Wilson agreed to be subject was the exposure to search and seizure based upon a parole officer's reasonable belief that he had contraband on his person or property. At the suppression hearing, the trial court concluded that for the seized evidence to be admissible, the Commonwealth must demonstrate that the parole officers had a "reason to believe" Wilson had contraband in his car. This is a lesser standard than probable cause.

Officer Kelly testified that she thought it was strange for Wilson to have $373.00 on his person at least a week after being paid when his pay checks had been no larger than $317.00. After his arrest for violating the conditions of his parole, Wilson asked Officer Kelly if he could call someone to pick up his car. Officer Kelly testified that in her experience, most persons following their arrest ask to call a parent, spouse, or significant other to inform them of the arrest. The fact that Wilson had been incarcerated on drug charges and had tested positive for drugs while on parole contributed to Officer Kelly's suspicion that Wilson had contraband in his car he wished to protect. Officer Rupard entertained the same suspicion. Wilson testified, as did his brother, that the cash he had on his person when arrested was not just earnings from employment, but also consisted of money given to Wilson by his brother. The officers testified that they were informed of this well after Wilson told them that the money came from his job and after they had decided to search Wilson's automobile.

The trial court found that the officers' belief that Wilson's car contained contraband was reasonable. The evidence and the testimony of the officers support this finding. We therefore affirm the order denying Wilson's motion to suppress.

In addition to the foregoing, we continue our adherence to the views expressed in *Clay v. Commonwealth*, Ky., 818 S.W.2d 264 (1991), which addressed a parole officer's authority to conduct a search. We held that as a condition of parole, the defendant parolee had consented to a search of his person or property at any time probable cause existed for a parole officer to believe that the parolee possessed contraband. We concluded that the complained-of search was permissible under the terms and conditions of parole.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

LAMBERT, C.J., and COOPER, GRAVES, KELLER, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

---

2. While the appellate courts of Kentucky do not appear to have addressed the "special needs" issue, the United States District Court for the Western District of Kentucky, Johnstone, J., has applied a "special needs" analysis in certain situations. In *Stogner v. Commonwealth of Kentucky*, 638 F.Supp. 1 (W.D.Ky.1985), the court approved warrantless searches of highly regulated business or closely regulated industry.