## Jones v. Commonwealth.

January 17, 1947.

Rodney Haggard for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is by Clara Jones, a young colored woman, from a judgment of guilt of uttering a forged check, the penalty being two years in prison.

The check for $27, to which the name of Miss Julia Graves had been forged, was presented to a clerk in a store by a woman who represented herself to be Frances Bean, the name of the payee, in payment of groceries to the amount of $4. She received the balance in cash. Two clerks positively identified the defendant. But the clerk who accepted the check had not previously seen the defendant, he testified, except once in another store in a different section of the city about a year before this

occasion. The other clerk identified the defendant as a customer of the store.

The defendant denied the charge in all its details. She had never been in this particular store. She established a good reputation by Miss Graves and ten other substantial witnesses. She had lived in Winchester all of her life; was the daughter of a preacher, the organist and president of a missionary society at her church. She proved that she did her trading at two chain stores and a neighborhood grocery, where she had a charge account, and could have obtained whatever she needed on credit if desired.

After this proof was in, the court, over vigorous objections of her counsel, permitted the Commonwealth to introduce evidence that three other forged checks, with different payors and payees, had been passed by this defendant at different places and at different times. The court ruled that this testimony would not have been competent in chief but was competent in rebuttal. The defendant was first recalled as a predicate for its introduction and was asked particularly about each of these three other crimes. That itself was prejudicial, for the accused was protected from self-incrimination. Constitution, Sec. 11. Brashear v. Commonwealth, 178 Ky. 492, 199 S. W. 21; Maiden v. Commonwealth, 225 Ky. 671, 9 S. W. 2d 1018.

It is a well-known fundamental rule that evidence that a defendant on trial had committed other offenses is never admissible unless it comes within certain exceptions, which are as well defined as the rule itself. It is not competent to prove a habit or pre-disposition to commit the particular crime or to show that the accused is a criminal generally. The rule of admissibility is one that should be closely watched and strictly enforced because of the dangerous quality and prejudicial consequences of such evidence. The necessity of the case must require it. The reasons for letting in the evidence in each class of exceptions are as distinct and dissimilar as the purposes themselves. The application of the rule of admissibility is more liberal in the matter of establishing guilty knowledge or intent where intent is a material ingredient of the offense charged, for a series of similar offenses tends to show the party knew or intended to do

what he was doing on the particular occasion. Where the purpose is to identify the defendant, the circumstances may govern the degree of liberality or strictness. Where it is a question of whether the defendant was one of a mob or member of an illegal organization, the evidence may take a wide range (Jenkins v. Commonwealth, 167 Ky. 544, 180 S. W. 961, 3 A. L. R. 1522), but where it is a question of a particular individual committing the particular offense, as it was here, the latitude is much smaller. There must be such a logical connection between the crimes that proof of one will naturally tend to show that the defendant is the person who committed the, other. For example, if a particular crime was committed by, novel means or in a peculiar manner, it could be shown that the defendant had used such means and followed that distinctive plan in committing similar offenses. But where the offenses are entirely different and in no way or manner connected with each other and the evidence does not tend to aid in identifying the accused, it is error to admit the evidence. Wharton's Criminal Evidence, Secs. 348, 349; Underhill's Criminal Evidence, sec. 684; 22 C. J. S., Criminal Law, sec. 69; 20 Am. Jur., Evidence, secs. 312, 316; 23 Am. Jur., Forgery, sec. 59; Brashear v. Commonwealth, supra; Alford v. Commonwealth, 227 Ky. 732, 13 S. W. 2d 1026; Wallace v. Commonwealth, 229 Ky. 776, 18 S. W. 2d 290. This case is ruled by Thomas v. Commonwealth, 194 Ky. 491, 239 S. W. 776. Upon the trial of a charge of uttering a forged check, the court permitted the introduction of evidence identifying the defendant as the man who had passed another forged check and had obtained possession of property by representing himself to be the one entitled to it and signing that name to a receipt. The defendant denied all the transactions and established a good reputation. In holding the admission of the evidence a prejudicial error, it was said, as may be said here with equal applicability:

"Here the other offenses were not only separate and distinct, but were far removed in point of time from the offense charged. There was nothing novel, unusual, or distinctive in the method or means employed to commit the crime charged and the other crimes proved. On the contrary, all the crimes were committed in the usual way, and no such connection between the other crimes

670

and the crime charged was shown as to justify the inference that he who committed the former must have committed the latter.''

In order to avoid any misconception of the opinion and any conclusion that the practice of admitting it in rebuttal would have been proper had the evidence been competent, we may observe that it was substantive proof. Identity was the very essence of the case and the Commonwealth well knew that the defense would be a denial of the presentation of the check, so it should have been offered in any event as a part of the Commonwealth's proof of guilt. It certainly was not competent to impeach the defendant as a witness or to rebut evidence of good character. Section 597, Civil Code of Practice; Brashear v. Commonwealth, supra; Buster v. Commonwealth, 246 Ky. 322, 55 S. W. 2d 18; Borders v. Commonwealth, 252 Ky. 577, 67 S. W. 2d 960.

Wherefore the judgment is reversed.