**Edward A. NICHOLAS, Appellant,**

**v.**

**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Edward A. Nicholas, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Proceeding in forma pauperis, Edward A. Nicholas appeals from a judgment of the Lyon Circuit Court dismissing his petition for a writ of habeas corpus against the warden of the state penitentiary, to which institution appellant has been committed to serve a 5-year sentence pursuant to conviction in the Kenton Circuit Court under an indictment charging him with a violation of KRS 218.170 (fraud or deceit in obtaining or attempting to obtain narcotic drugs).

The ground on which he contends he is entitled to a release via habeas corpus is that because the indictment on which he was convicted had not been signed by the foreman of the grand jury as required by RCr 6.06 the proceedings were unconstitutional and the judgment void.

The petition was properly dismissed for lack of a showing that an RCr 11.42 motion would not have been an adequate procedural avenue. Ayers v. Davis, Ky., 377 S.W.2d 154 (1964). However, in order to obviate further litigation we have considered the merits and are of the opinion that the signing of an indictment, formerly required by statute (Criminal Code of Practice, § 119) and now by rule of court (RCr 6.06), is not a matter of constitutional right, state or federal.

RCr 6.06 provides specifically as follows:

"No objection to an indictment or information on the ground that it was not signed as herein required may be made after a plea to the merits has been filed or entered."

As we view it, the foreman's signature is a procedural safeguard rather than a substantive requisite of an indictment. The indictment is an accusation made in behalf of the people. It is formed by the concurrence of nine or more grand jurors (Const. § 248) in proper session and is completed by a return or delivery to the court. Without these it cannot be an indictment, but with them, if it charges the defendant with a crime over which the circuit court has jurisdiction, it is.

"We are of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does not materially affect any substantial right of the defendant; and that it neither assures to him nor prevents him from having a fair trial." People ex rel. Merrill v. Hazard, 361 Ill. 60, 196 N.E. 827, 829 (1935).

The judgment is affirmed.