**COMMONWEALTH of Kentucky, Movant,**

v.

**Donald R. BALL, Respondent.**

Supreme Court of Kentucky.

June 13, 1985.

William J. Wehr, Asst. Campbell County Atty., Newport, David M. Lewis, Asst. Atty. Gen., Frankfort, Paul Twehues, Jr., Sp. Asst. Atty. Gen., Newport, for movant.

Dennis Alerding, Covington, for respondent.

Paul F. Isaacs, George R. Sornberger, James L. Cox, Frankfort, John R. Halstead, Somerset, amicus curiae.

STEPHENS, Chief Justice.

The issue we decide is whether under KRS 189A.010, known generally as the "slammer" bill, convictions for driving under the influence received prior to July 13, 1984 (the effective date of the present statute), can be used in applying the penalty section of the statute in determining whether a person so convicted is a second (multiple) offender.

Respondent was cited for a violation of KRS 189A.010 on July 25, 1984, less than two weeks after the effective date of the new statute. At trial in the Campbell District Court, evidence was presented concerning his conviction for a previous offense of driving under the influence, which offense had occurred prior to July 13, 1984, and which offense was under the aegis of a predecessor statute. At the close of the prosecution's case, the trial judge granted a defense motion for a directed verdict which, in effect, prohibited the Commonwealth from prosecuting respondent as a second offender under the *new* statute. Respondent was then found guilty of being a first offender under KRS 189A.010(2)(a).

The Commonwealth requested this Court to certify the law pursuant to CR 76.37(10). Because of the importance of this issue, we granted the motion. We disagree with the ruling of the district judge and so certify the law.

The pertinent part of the new statute is as follows:

"(1) No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability.

(2) Any person who violates the provisions of subsection (1) of this section shall:

(a) For the first offense, be fined not less than two hundred dollars ($200) nor more than five hundred dollars ($500) or be imprisoned in the county jail for not less than forty-eight (48) hours nor more than thirty (30) days or both. Following sentencing the defendant may apply to the judge for permission to enter a community labor program for not less than two (2) days nor more than thirty (30) days in lieu of fine or imprisonment, or both, provided that his offense does not

come within the purview of subsection (4) of this section.

(b) For the second offense within a five (5) year period, be fined not less than three hundred fifty dollars ($350) nor more than five hundred dollars ($500) and shall be imprisoned in the county jail for not less than seven (7) days nor more than six (6) months and, in addition to fine and imprisonment, may be sentenced to community labor for not less than ten (10) days nor more than six (6) months.

(c) For a third or subsequent offense within a five (5) year period, be fined not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) and shall be imprisoned in the county jail for not less than thirty (30) days nor more than twelve months and may, in addition to fine and imprisonment, be sentenced to community labor for not less than ten (10) days nor more than twelve (12) months.

(3) Minimum sentences of imprisonment or community labor under subsections (2)(b) and (2)(c) of this section shall not be suspended, probated, or subject to conditional discharge or other form of early release.

The record is silent as to the reasons the district judge directed a verdict preventing respondent from being found guilty as a second offender, but the Commonwealth asserts that the trial court believed that the use of a conviction received prior to July 13, 1984 would violate the *ex post facto* clauses of both the Kentucky Constitution and the Constitution of the United States.

The Commonwealth argues that an *ex post facto* law is one that imposes a criminal penalty on a prior non-criminal act, *Moore v. Ward,* Ky., 377 S.W.2d 881 (1964), and that driving under the influence of alcohol was not a non-criminal act prior to July 13, 1984. Under KRS 189.520(2), first enacted in 1968, the legislature made it unlawful to operate a motor vehicle anywhere in this state while under the influence of intoxicating beverages. Alcohol is the intoxicant in intoxicating beverages. *Driving under the influence of alcohol,*

*the conduct prohibited by KRS 189A.010, was a criminal act prior to the enactment of KRS 189A.010.* The new statute imposes different penalties on the same criminal act, *depending on the status of the offender.*

The Public Advocate, arguing on behalf of respondent, asserts that the district court was correct in granting a directed verdict on the prosecution of Ball as a second offender because KRS 189A.010 starts a clean slate; i.e., it is a new offense for which new penalties have been established. This new law, he argues, did not exist prior to July 13, 1984, and cannot be given retroactive effect because the statute does not expressly so declare it to be retroactive. KRS 446.080(3). Therefore, he argues, Ball could not be convicted as a second time offender under the statute when the statute did not exist at the time he was convicted of the first offense. He contends that KRS 189A.010 specifically limits itself to offenses committed after the effective date of the statute. We do not agree.

KRS 189A.010 is codified in a new chapter of KRS, effective for the first time on July 13, 1984, but it is the opinion of this Court that the intent of the legislature in enacting KRS 189A.010 was not to create a new offense, but to increase the severity of the penalty for driving under the influence of alcohol.

KRS 189A.010 enhances the penalty for driving under the influence of alcohol, making it more severe than the former statute's penalty. The new statute merely recognizes that one previously convicted of driving under the influence has the status of a prior offender, and can be penalized for having that status. When Ball was convicted of driving under the influence of alcohol under KRS 189A.010, he already had the status of being a prior offender of driving under the influence of an intoxicating beverage. We do not agree that using a conviction for driving under the influence obtained prior to the enactment of KRS 189A.010 violates the *ex post facto* clause of the United States Constitution, nor do we agree that KRS 189A.010 creates a new

offense for which there can be no retroactive effect prior to July 13, 1984. Cf. *Pettway v. U.S.*, 216 F.2d 106 (6th Cir., 1954).

In defining an ex post facto law, the United States Supreme Court has said: "It is settled, by decision of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission; or which deprives one charged with crime of any defense available according to the law at the time when the act was committed, is prohibited as ex post facto." *Beazell v. Ohio*, 269 U.S. 167, 169–170, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925).

Driving under the influence was a criminal act long before Ball was convicted under KRS 189A.010 for driving under the influence of alcohol; KRS 189A.010, which does make the punishment more burdensome, was enacted and was effective *before* Ball committed the act prohibited by KRS 189A.010, and it is not claimed Ball was deprived of any defense available.

■ One who has been convicted of engaging in the prohibited conduct of operating a motor vehicle anywhere in this state while under the influence of alcohol in violation of Section (1) of KRS 189A.010, and who has the status at the time of such conviction of having been previously convicted within five years of such conviction of driving under the influence, is a previous offender and is subject to the enhancement provisions of Sections (2)(a), (b), and (c) of KRS 189A.010.

The law is so certified.

All concur.