**Danny S. RATLIFF, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

and

**Leonard L. CARTER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 22, 1986.

Rehearing Denied Nov. 7, 1986.

Michael R. Moloney, Geralds, Moloney & Jones, Lexington, for appellants.

David L. Armstrong, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWARD and DUNN, JJ.

DUNN, Judge.

Appellants, Danny S. Ratliff and Leonard L. Carter, in these two cases seek review of their convictions by juries in the Fayette District Court for driving under the influence of alcohol, KRS 189A.010(1). Each appellant was determined to be a past offender of that statute or its predecessor, consequently each was accorded the mandatory enhanced sentences set out in KRS 189A.010(2).

On appeal, they raise numerous common challenges to the statute of both a constitutional and evidentiary nature, including their contentions that: 1) the mandatory sentencing provisions of KRS Chapter 189A are a legislative abridgment of the courts' inherent powers to sentence and are therefore violative of Sections 27 and 28 of the Kentucky Constitution relating to the separation of powers: 2) the use of convictions for driving under the influence obtained prior to the effective date of KRS Chapter 189A as a basis for enhancement of their sentences was contrary to general prohibitions against the ex post facto application of laws; 3) the district court erred in overruling their motions for bifurcated trials thus allowing the juries to hear evidence of their earlier convictions before the determination of guilt on the immediate charge; 4) the commonwealth attempted to prove appellants' prior convictions by resort to inadmissible evidence; and 5) the district court erred in allowing the use of their previous convictions for enhancement purposes as they had been achieved by means of uncounseled guilty pleas entered without provision of the required constitutional safeguards. In addition to these five arguments, each appellant asserts other allegations of error peculiar to his own case. For organizational purposes, we will first concern ourselves with the issues presented jointly by appellants, however, we will discuss the individual contentions only as is necessary in the latter stages of the opinion. Of the jointly presented issues we conclude that only questions number 4 and 5 above constitute reversible error. On that basis we therefore reverse the judgment of the Fayette District Court and remand for further proceedings as to penalty consistent with this opinion.

The majority of issues raised by appellants concern either questions of law or procedural and evidentiary matters arising during the course of trial. Accordingly, a protracted discussion of the events leading to their arrest would only serve to unduly burden this opinion, and we will therefore provide a detailed recitation of the facts only as is necessary to promote meaningful appellate review of the specific issue under consideration.

■ Appellants base their first assertion of error on the grounds that the mandatory minimum sentencing requirements for repeat offenders contained in KRS 189A.010(3) are constitutionally defective. In particular, they direct us to Sections 27 and 28 of the Kentucky Constitution concerning the separation of powers which state respectively that:

27. The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

28. No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the in-

stances hereinafter expressly directed or permitted.

Appellants claim that KRS 189A.010(3), which directs that the minimum sentences for repeat offenders established in the earlier portions of that statute, shall not be subject to suspension, probation, or any other form of conditional release or early discharge, represents a clear violation of those constitutional provisions. As a basis for that assertion, they maintain that the power of the judiciary to suspend or probate a sentence is a function which is inherently judicial in nature and therefore not subject to control through legislative enactment. *Huggins v. Caldwell*, 223 Ky. 468, 3 S.W.2d 1101 (1928).[1]

■ We disagree. While it is true that courts are charged with the actual implementation of the probation and conditional discharge statutes on a case-by-case basis, the availability of those methods as an alternative to imprisonment is purely the product of statutory creation and therefore represents a policy decision by the legislature as to the appropriate punishment to be accorded for each particular offense. Simply enough, the task of setting a punishment for a given crime is a legislative function. The legislature in its exercise of that authority is free to determine on a policy basis that certain offenses do not warrant resort to probation or conditional discharge as an appropriate form of punishment. *Owens v. Clemons*, Ky., 408 S.W.2d 642 (1966); *Lavon v. State*, 586 S.W.2d 112 (Tenn.1979); *State v. Lowe*, 661 S.W.2d 701 (Tenn.Cr.App.1983).[2] Consequently, we cannot accept appellants' con-

tention that the mandatory minimum sentence provisions of KRS 189A.010(3) constitutes a violation of the concept of separation of powers.

■ Appellants next maintain that the trial court erred in allowing the use of their previous convictions for driving under the influence entered prior to July 13, 1984, the effective date of KRS Chapter 189A, as grounds for enhancement of the penalties accorded them in this action. Specifically, they contend that such a practice is contrary to the general proscription against the ex post facto application of laws. We need only briefly remark on this question, however, as it has already been addressed by our Supreme Court in *Commonwealth v. Ball*, Ky., 691 S.W.2d 207 (1985). In light of the fact that this Court functions solely as a court of error, rather than one of policy, we are bound by the Supreme Court's approval of the use for enhancement purposes of convictions obtained under the predecessor statute of KRS Chapter 189A. *See Farmers Bank and Trust Co. of Bardstown v. Rice*, Ky., 674 S.W.2d 510 (1984). We, therefore, affirm the judgment of the trial court on this issue.

As their third allegation of error, appellants contend that the trial court improperly allowed the admission of evidence regarding their prior drunken driving convictions before the jury had reached a verdict as to their guilt on the immediate charge giving rise to this appeal. Exposure of the jury to such information, they maintain, is invariably prejudicial to their defense, thereby entitling them to a bifurcated trial, similar to that employed in persistent felo-

---

1. Without unduly burdening the body of this opinion, we briefly note our belief that *Huggins, supra,* has little relevance to our decision in this appeal. In particular, the precise issue concerned in that case was the question of whether a legislative act purporting to grant circuit judges the authority to grant parole constituted an unwarranted infringement of the executive branch's administration of that process. These appeals, on the other hand, involve simply the legislature's ability to limit the court's powers to grant probation or conditional discharge as an alternative to imprisonment for a specific offense. Additionally, the discussion in *Huggins, supra,* of the court's inherent powers to suspend

sentences and judgments are largely inapplicable to the present appeals as they were made prior to the codification of our criminal law.

2. The decision in *Lowe, supra,* is particularly relevant to the disposition of appellants' separation of powers argument in these cases. In short, the Tennessee Court of Criminal Appeals agreed with our conclusion that the legislature's decision to preclude the use of probation and conditional discharge as alternatives to sentences of imprisonment imposed for violations of that state's drunk driving statute were not a violation of the separation of powers doctrine.

ny offender proceedings, in which the introduction of evidence regarding the earlier convictions would be excluded until after a determination of guilt on the underlying charge.

■ At first blush this argument appears to be extremely persuasive, especially in light of the authorities cited to us by appellants regarding the general inadmissibility of evidence of past felony convictions in felony prosecutions. *See, e.g., Commonwealth v. Richardson,* Ky., 674 S.W.2d 515 (1984); *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970). Nevertheless, despite our fundamental agreement with appellants on this question and our belief that substantial prejudice will unavoidably result from the premature introduction of evidence of this nature, we are bound by our role as a court of error to affirm the trial court on this question. *Farmers Bank and Trust Co. of Bardstown v. Rice, supra.* Specifically, decisions by our Supreme Court indicate that in cases such as the present appeals in which proof of defendant's prior convictions was essential to the determination of guilt on the primary charge or the fixing of an appropriate punishment, evidence of those earlier convictions was admissible regardless of their unquestionably prejudicial effect. *Wahl v. Commonwealth,* Ky., 490 S.W.2d 769 (1972).[3] *See also,* R. Lawson, *The Kentucky Evidence Law Handbook* § 2.20, Comment II (2d ed. 1984).

We find further support for our conclusions that the trial court did not commit reversible error in allowing the introduction of evidence of appellants' earlier convictions prior to determination of guilt on the underlying charge in our Supreme Court's holding in *Carver v. Common-*

*wealth,* Ky., 634 S.W.2d 418 (1982). In that case the defendant who was charged with a violation of the local option laws, argued that the enhanced sentence which she might be accorded on the basis of an earlier conviction for violation of that same law entitled her to a bifurcated trial, at which evidence of the first conviction would not be admitted until the sentencing phase of the proceeding. The Supreme Court rejected that contention, however, on the grounds that bifurcated trial in such prosecutions are not constitutionally mandated, but instead, as in the persistent felony offender cases, are the product of statutory enactment. As no such requirement is present in KRS 189A, the trial court did not err in refusing to grant appellants' motion for bifurcated trials and admitting evidence of their prior convictions before a determination of guilt on the underlying charge.

In reaching this conclusion, we do not mean to minimize the unavoidable prejudice that will result from the early introduction of evidence regarding a defendant's previous convictions for drunken driving. As much as is possible, the trial court in this type of prosecution should attempt to negate the harm produced by the disclosure of such information through the admonishment to the jury that it should be given no weight in their deliberations as to the defendant's guilt.

We next turn to appellants' contention that the trial court erred in allowing the use of their earlier convictions for driving under the influence for enhancement purposes in that the commonwealth failed to introduce adequate proof of those previous judgments. In each case the commonwealth attempted to prove the fact of those convictions by calling as a witness a deputy

---

**3.** In *Wahl, supra,* appellant stood liable for the enhancement of the sentence accorded in consequence of a charge of burglary under our state's former Habitual Criminal Act. Unlike our current persistent felony offender law, that statute did not automatically provide for a bifurcated trial, thereby allowing the introduction of evidence of the appellant's five earlier convictions before the jury had reached a verdict as to his guilt on the immediate charge. While recognizing the undoubtedly prejudicial effect of that

evidence, our Supreme Court permitted its introduction. Although our legislature has since revised the persistent felony offender statute to prevent just such an occurrence, our research indicates that the holding in *Wahl, supra,* is still applicable in situations where the statute creating a particular offense such as KRS 189A, also provides for enhanced sentences for repeat offenders, but does not mandate trial by means of a bifurcated proceeding. Hence, our reluctant decision to affirm the trial court on this issue.

clerk of the Fayette District Court, who then attested to the prior offenses by reference to a certified copy of a summary of appellants' driving records obtained from the Department of Transportation, Justice Cabinet, Division of Driver Licensing. Appellants contend that this evidence standing by itself was insufficient to prove the fact of the prior convictions which could only be demonstrated by the introduction of certified copies of the alleged judgments and sentences, neither of which were offered or filed in these cases. The commonwealth, on the other hand, maintains that the driving records of the Department of Transportation were sufficient to prove the prior convictions under KRS 422.020(4) and CR 44.01.

■ We disagree. While KRS 422.020(1) and CR 44.01 permit the use of properly certified copies of public records to serve as prima facie evidence of their contents, the information appearing in the Department of Transportation records are wholly inadequate to prove appellants' prior convictions. Those documents note only the dates of the alleged convictions which falls far short of proving the elements necessary to support the enhancement of appellants' sentences on grounds that they are guilty of repeated offenses under KRS Chapter 189. *See also, Garner v. Commonwealth*, Ky., 645 S.W.2d 705 (1983). In consequence of the commonwealth's failure to adequately prove the fact of appellant's prior convictions, the trial court erred in allowing their use for the enhancement of the sentences accorded as a result of the immediate charges involved in these appeals.

■ Appellants next allow that the trial court erred in permitting the use of their prior convictions for driving under the influence in that those convictions were the product of uncounseled guilty pleas obtained without provision of constitutional safeguards to ensure that they had been knowingly, voluntarily and intelligently made. Specifically in this regard, appellant Carter, who had plead guilty to the offense on two previous occasions, contested the use of the second of those convictions by asserting via a pre-trial motion and hearing in this case that he had entered that plea without benefit of counsel. Furthermore, during that same hearing, the trial judge stated that she had listened to the tape of Carter's earlier guilty plea and noted that the court in that proceeding had provided him with only a general statement of his rights without inquiring as to whether he actually understood those rights and that his guilty plea would constitute a waiver thereof. In the absence of such precautionary measures, Carter maintained that the prior conviction could not serve as the basis for the enhancement of any sentence accorded in consequence of a third conviction as it was constitutionally defective under various United States Supreme Court decisions. *See, e.g., Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).

Appellant Ratliff advances an identical attack on the use for enhancement purposes of his single prior conviction for drunken driving. In support of this claim during a pre-trial hearing before the trial court, Ratliff and his brother both testified regarding the circumstances of his earlier guilty plea. Both those individuals, however, were unable to state categorically that it had been entered without provision of the necessary admonitions to insure its voluntary, knowing and intelligent nature. Instead Ratliff and his brother related simply that they could not recall one way or the other whether the court had taken those measures.

The means by which a defendant in a criminal case may question the constitutional validity of earlier convictions upon which the commonwealth intends to rely in seeking the enhancement of a possible sentence have been established by our Supreme Court in *Commonwealth v. Gadd*, Ky., 665 S.W.2d 915 (1984); and *Dunn v. Commonwealth*, Ky., 703 S.W.2d 874 (1985). Particularly helpful to our decision

in this appeal is the following excerpt from the latter opinion:

> In those cases in which the defendant is indicted as a persistent felony offender and files a proper motion to suppress any evidence of his prior offenses, the burden is on the Commonwealth to prove the judgments of conviction in each of the underlying offenses upon which it intends to rely. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After *the judgments of conviction are introduced,* the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies.... If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice. (Emphasis added). Id. at 876.

Applying this procedure to the facts of the present appeals, we conclude that the trial court did err in overruling appellants' motions to suppress any evidence of the disputed prior convictions. Simply enough, appellants properly instigated the operation of proceedings to question their validity by timely filing of the required pre-trial motions, thereby obligating the commonwealth to prove those prior judgments through their introduction before the court. Upon doing so the commonwealth could then benefit from the presumption that the convictions were regularly and properly entered. As we have already determined in addressing appellants' last allegation of error, the commonwealth completely failed in its efforts to this effect. Accordingly, the commonwealth either through resort to presumption or the production of other evidence never overcame appellants' assertions regarding the invalidity of their previous drunken driving convictions. In light of this failure, we must conclude that the trial court erred in allowing the use of those convictions as a basis for the enhancement of the sentences accorded in these cases.

■ Finally, we briefly provide a discussion of the various issues raised independently by each appellant in the context of his separate appeal. First in this regard, appellant Ratliff allows that the trial court erred in not dismissing his prosecution under KRS 189A.010(1) in that he had already plead guilty to a charge of reckless driving resulting from the same occurrences involved in the present appeal. Consequently, he maintains that reckless driving was a lesser included offense of driving under the influence which barred his prosecution on the higher charge. We disagree, however. A comparison of the reckless driving statute with that for driving under the influence reveals that the former is simply not a lesser included offense of the latter according to the standard contained in KRS 505.-020(2). *See also,* KRS 189A.010(1); KRS 189.290(1).

Appellant Ratliff also maintains that the trial court erred in permitting the introduction into evidence of the results of a blood/alcohol test performed shortly after his arrest. Admission of the results of that study were particularly prejudicial to Ratliff's defense as they indicated that he had a blood alcohol content sufficiently high to warrant resort to the presumption of intoxication set out in KRS 189.520(3)(c). On appeal he again objects to the use of that evidence on the grounds that the commonwealth failed to demonstrate both that the blood sample had been obtained by a person authorized to do so pursuant to KRS 189.520(6) and that it had properly maintained the integrity of the chain of custody of the subject blood sample.

■ Without addressing the merits of these arguments, we must conclude that the trial court did commit reversible error in admitting the results of the blood test. In raising these specific issues in his brief, appellant Ratliff has directed us to the appropriate portions of the lengthy tape recordings that comprise the trial record in this case which he believes, and we agree,

support his assertions regarding the invalidity of the blood test. The commonwealth, however, has completely neglected its parallel duty to provide us with citations to the record which might suggest to us that it did in fact meet its burden of proof on those questions. CR 76.12(4)(d)(i–iii). Due to that failure we feel justified in accepting appellant's argument on this point as true and concluding that the trial court should not have allowed the introduction of the results of the blood test. *Ventors v. Watts,* Ky.App., 686 S.W.2d 833 (1985); *Commonwealth, Department of Public Safety v. Skiadas,* Ky., 454 S.W.2d 110 (1970). In consequence of our decision on this issue appellant Ratliff's conviction for driving under the influence must be reversed and remanded for a new trial, conducted without reference to the blood/alcohol test.

Lastly, appellant Carter contends that he also is entitled to a new trial due to the trial court's refusal to grant his proposed instruction on his defense of entrapment. In response to this argument, we merely state that we have reviewed the record of the proceedings before the district court and agree with its conclusion that the available evidence simply does not warrant the granting of such an instruction in this case.

For the reasons above stated, we REVERSE the judgments of the Fayette District Court and REMAND for further proceedings consistent with this opinion.

All concur.