Robert R. ASHER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 87-CA-2717-DG.

Court of Appeals of Kentucky.

Dec. 29, 1988.

Fred E. Peters, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen., Margaret M. Connolly, Jill Hall, Asst. Attys. Gen., Frankfort, for appellee.

Before HAYES, MILLER and WEST, JJ.

HAYES, Judge:

This case is before the Court on discretionary review from a judgment entered in

Fayette Circuit Court affirming a Fayette District Court judgment convicting Robert R. Asher of his second offense of driving under the influence of alcohol. KRS 189A.010.

The sole issue on appeal is this: Whether the Commonwealth is entitled to introduce evidence, in its case in chief, for driving under the influence in a trial on a subsequent DUI charge when the defendant, prior to trial, agreed to stipulate that the penalties to be applied by the jury will be the same enhanced penalties applicable to a conviction on a subsequent offense. Appellant's theory in support of the adoption of a rule answering this question in the affirmative is that a defendant on trial for DUI is substantially prejudiced by the introduction of evidence of such prior similar conviction and that the stipulation of the jury instruction negates the need for introduction of the prior offense.

KRS 189A.010 provides, in pertinent part:

> (1) No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability.

> (2) Any person who violates the provisions of subsection (1) of this section shall:

> .    .    .    .    .

> (b) For the second offense within a five (5) year period, be fined not less than three hundred fifty dollars ($350) nor more than five hundred dollars ($500) and shall be imprisoned in the county jail for not less than seven (7) days nor more than six (6) months and, in addition to fine and imprisonment, may be sentenced to community labor for not less than ten (10) days nor more than six (6) months.

In this case the parties have filed an agreed statement of record on appeal because the trial tapes are inaudible and could not be transcribed. The agreed statement provides that prior to trial appellant's counsel approached the bench with a motion in limine and the accompanying stipulation that the jury instructions would provide for a penalty for a second offense.

The Commonwealth objected and the court overruled the motion. Appellant was subsequently found guilty and received a sentence of 14 days and a $350 fine under KRS 189A.010(2)(b). On appeal, the Fayette Circuit court was compelled by our recent holding in *Ratliff v. Commonwealth*, Ky.App., 719 S.W.2d 445 (1986). In *Ratliff*, the DUI defendants had argued entitlement to a bifurcated trial similar to that used in persistent felon proceedings. This Court rejected this argument on grounds that persistent felon prosecutions and their accompanying bifurcated proceedings are a product of the legislature. "As no such [bifurcated] requirement is present in KRS 189A, the trial court did not err in refusing to grant appellants' motion for bifurcated trials and admitting evidence of their prior convictions before a determination of guilty on the underlying charge." 719 S.W.2d at 449. This Court also based its decision on several Kentucky Supreme Court decisions holding that bifurcation is not constitutionally mandated.

In reaching its conclusions, the *Ratliff* Court sympathized with DUI defendants, and encouraged trial courts to attempt to negate the possible harm by admonishing the jury that the prior conviction should be given no weight in their deliberations as to the defendant's guilt. In the instant case there is no indication that appellant attempted to obtain a bifurcated trial and the record does not disclose whether a jury admonishment was requested or given. We are not sufficiently persuaded that our holding in *Ratliff* needs to be overruled. Although appellant is not technically arguing bifurcation, the principles of his strategy and that of the appellants in *Ratliff* are sufficiently similar that we are compelled to affirm the decision of the Fayette Circuit Court.

Accordingly, the judgment entered November 12, 1987 in Fayette Circuit Court, is affirmed.

All concur.