**William Henry CLAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–381–MR.**

Supreme Court of Kentucky.

Oct. 24, 1991.

Larry H. Marshall, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Michael Harned, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Appellant was convicted of trafficking in cocaine, subsequent offense, and for being a persistent felony offender in the first degree. He was sentenced to an enhanced term of 25 years in prison. He appeals as a matter of right.

Appellant was on parole and was subject to intensive supervision. As such, he was required to meet with his parole officer twice per month, plus one home visit by the parole officer each month.

Appellant failed to meet with his parole officer in December, 1987. In January, 1988, his parole officer, Richardson, went to appellant's residence to discuss the fail-

ure to report. Fellow parole officer McCowen accompanied Richardson. Appellant was found lying on the bed in the one-bedroom apartment and, after the discussion became heated, appellant was placed under arrest for failure to report. Parole officer McCowen observed bullets on the dresser in the bedroom.

Appellant was placed under arrest and taken to jail. At this time, parole officer McCowen informed Richardson that he had observed bullets on the dresser in appellant's bedroom. As part of the Conditions of Supervision, appellant was not permitted to purchase, own or have in his possession a firearm or other weapon.

The parole officers decided to return to the apartment due to their belief that appellant possessed a firearm. They were allowed into the residence by appellant's girlfriend, who had also been present at the time appellant was arrested. In searching the apartment, they did not find firearms. However, they did find much ammunition, and also found an open shoe box which contained a bag of white powder and some $11,097 in currency. At this time, the officers called police.

A policeman arrived and determined that the white powder was cocaine. He then left for purposes of obtaining a search warrant. Thereafter, pursuant to the warrant, the cocaine, money and a large quantity of firearm shells were seized.

■ Appellant argues that the initial warrantless intrusion by the parole officers violates his federal and state constitutional rights. Appellant argues many related issues not relied upon by the Commonwealth at any time. Appellant fails to overcome, however, the simple fact that, as part of his conditions of parole, he had signed an agreement wherein he consented to a search of his person or property any time probable cause existed for the parole officer to believe that appellant possessed contraband.

Here, the trial court held a suppression hearing and, upon its conclusion, determined that the parole officer had probable cause to believe that appellant possessed contraband in his apartment. The findings of the trial court supporting its conclusion of probable cause were based on substantial evidence, and we are not free to second-guess the trial court as to the facts. RCr 9.78; *Diehl v. Commonwealth*, Ky., 673 S.W.2d 711 (1984). Likewise, we agree with the conclusion of the trial court that probable cause existed under these facts to warrant the parole officers' search. Therefore, by the terms of the conditions of Supervision for parole and by appellant's status as a parolee on intensive supervision, the search was permissible.

■ Appellant's second argument is based on his motion for a bifurcated trial, as provided for in KRS Chapter 532, so that no mention of his previous drug-related offense would be made until the sentencing portion of the trial. Based upon *Smith v. Commonwealth*, Ky., 707 S.W.2d 342 (1986), his motion was overruled by the trial court. During the trial, the evidence relating to the prior offense was introduced, and the court admonished the jury that the prior conviction was not to be considered in determining appellant's guilt on the present charge.

KRS 218A.990 is nothing more than a sentencing statute, with provision for enhancing the penalty for subsequent offenders. The commission of the prior drug-related offense or offenses is not an element necessary to determine guilt as is present in KRS 527.040(1)—the Possession of a Handgun by a Convicted Felon—which makes the proof of the prior conviction a necessary part of the guilt phase of the trial.

It is our opinion that *Smith v. Commonwealth* should be and it is hereby overruled. In all drug cases tried after the effective date of this opinion, when a subsequent offense is charged, the trial shall be bifurcated in accordance with the Truth-In-Sentencing Act (KRS Chapter 532). No reference shall be made to the prior offense until the sentencing phase of the trial, and this specifically includes reading of the indictment prior to or during the guilt phase.

■ The Commonwealth argues the evidence regarding previous offenses was

harmless error in the circumstances of this case. We disagree. The testimony given by the two parole officers was at a pretrial suppression hearing and during the persistent felony offender proceeding. They did not testify during the guilt phase of the trial. From another witness who did testify during the guilt phase, the jury might have realized that appellant was a parolee, but such is speculative.

The apartment where the drugs were discovered was rented by Karen Thomas. She was a cocaine user. She and appellant shared the bedroom and she signed an affidavit stating the cocaine belonged to her. The Commonwealth countered this with evidence from which the jury could have believed Ms. Thomas did not live there and did not keep her belongings on the premises.

Simply stated, the evidence against appellant was not so overwhelming as to permit the conclusion that the error in admitting the evidence of appellant's prior drug convictions was harmless. *See* RCr 9.24 and *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).

In accordance with this Opinion, the use of the evidence seized in the search is upheld but the conviction is reversed and this case remanded for a new trial.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

COMBS, J., dissents from so much of the opinion as permits the seized evidence to be used.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority decision because when considering the entire case I do not believe there is any substantial possibility that the result would be any different. Consequently, the alleged error is nonprejudicial. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969); RCr 9.24. I would deny rehearing.