COMMONWEALTH of Kentucky, Appellant,

v.

Sherry Lee RAMSEY, Appellee.

No. 95–SC–161–DG.

Supreme Court of Kentucky.

April 25, 1996.

A.B. Chandler, III, Attorney General, Frankfort, David A. Tapp, Special Assistant Attorney General, Somerset, for appellant.

David T. Eucker, Assistant Public Advocate, Frankfort, for appellee.

STEPHENS, Chief Justice.

The Commonwealth appeals from the Court of Appeals affirmance of a Circuit Court order. The order prohibited the introduction of appellee's prior DUI convictions during the prosecution's case-in-chief. We granted discretionary review to clarify the important issues raised by this appeal.

Appellee was indicted by the Pulaski Grand Jury for Driving Under the Influence of Intoxicants, [hereinafter DUI] fourth offense, and Driving While License was Suspended, third offense. Prior to trial, appellee moved *in limine* to prohibit the introduction of her previous DUI convictions during the guilt phase of the trial. The Pulaski Circuit Court agreed with appellee's claim that undue prejudice would result. The Commonwealth, appellant herein, appealed this order to the Court of Appeals. The Court of Appeals, relying on *Clay v. Commonwealth,* Ky., 818 S.W.2d 264 (1991), affirmed the prohibition. We af-firm the Court of Appeals for the reasons set out below.

The Commonwealth maintains that KRS 189A.010(4)(d) establishes a fourth or subsequent offense of DUI as a felony which includes prior DUI convictions as an element. This interpretation is critical to the Commonwealth's position that prior DUI convictions are necessarily admissible during the prosecution's case-in-chief. The Commonwealth relies on holdings in *Ratliff v. Commonwealth,* Ky.App., 719 S.W.2d 445 (1986), and *Asher v. Commonwealth,* Ky.App., 763 S.W.2d 153 (1988), as well as language in *Hall v. Commonwealth,* Ky., 817 S.W.2d 228 (1991). We do not agree with this interpretation and overrule the above noted cases to the extent they conflict with the following discussion of KRS 189A.010.

This Court first analyzed KRS 189A.010 in *Commonwealth v. Ball,* Ky., 691 S.W.2d 207 (1985), wherein we decided an *ex post facto* issue. In *Ball,* we opined that the intent of this newly enacted statute "was not to create a new offense, but to increase the severity of the penalty for driving under the influence of alcohol." *Ball, supra,* at 209. Two years later, we reaffirmed that KRS 189A.010 "established one offense of driving under the influence" and that "[t]he number of offenses does not relate in any way to the basic charge of DUI." *Division of Driver Licensing v. Bergmann,* Ky., 740 S.W.2d 948, 950 (1987). While both *Ball* and *Bergmann* dealt with the original version of KRS 189A.010, we see no reason to distinguish the present version of KRS 189A.010 enacted in 1991. The plain language of this statute makes it clear that the elements of DUI are contained in 189A.010(1). This section states:

> No person shall operate or be in physical control of a motor vehicle anywhere in this state:
>
> (a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;
>
> (b) While under the influence of alcohol;
>
> (c) While under the influence of any other substance or combination of substances which impairs one's driving ability; or

(d) While under the combined influence of alcohol and any other substance which impairs one's driving ability.

The elements required for violation of KRS 189A.010 are the operation or physical control of a motor vehicle coupled with one or more levels of impairment as outlined above.

Subsections two (2) and three (3) support the above reading of KRS 189A.010(1). Subsection two (2) of KRS 189A.010 defines the presumptions raised by various levels of blood alcohol content in "any prosecution for a violation of subsection (1)." Subsection three (3) states that the legality of the use of alcohol or other impairing substance does not constitute a defense against any charge of a "violation of subsection (1) of this section." The use of the phrase "violation of subsection (1)" clearly shows that the elements of a DUI charge are wholly contained in subsection (1).

Further, KRS 189A.010(4) provides the various penalties for persons who "violate[ ] the provisions of subsection (1)." The penalties are then delineated, the severity of punishment increasing with the number of violations of subsection (1). From the beginning, this Court has held that KRS 189A.010(4) "merely recognizes that one previously convicted of driving under the influence has the status of a prior offender, and can be penalized for having that status." *Commonwealth v. Ball*, Ky., 691 S.W.2d 207, 209 (1985). Consequently, the Court of Appeals reliance on the analysis in *Clay* was correct as subsection four (4) "is nothing more than a sentencing statute, with provision for enhancing the penalty for subsequent offenders." *Clay v. Commonwealth*, Ky., 818 S.W.2d 264, 265 (1991). The prior DUI convictions are not elements necessary to determine guilt. *Id.*

■ The Commonwealth next asserts that the prior convictions are necessary to prove a felony as opposed to a misdemeanor. The importance of this determination, the Commonwealth maintains, is twofold. First, without introduction of the prior DUI's, the Commonwealth will be limited to proving only a misdemeanor which is outside the Circuit Court's jurisdiction. The Commonwealth has misconstrued the issue of jurisdiction. Once a defendant is indicted on a felony charge, the Circuit Court has jurisdiction. *West v. Commonwealth*, Ky., 887 S.W.2d 338 (1994); *Nicholas v. Thomas*, Ky., 382 S.W.2d 871 (1964). Secondly, the Commonwealth asserts that since the result, i.e. a conviction of DUI, will net only a misdemeanor conviction the Circuit Court will be left without authority to bifurcate the proceeding. Once a guilty verdict is reached, the Circuit Court has the authority to conduct a penalty phase, pursuant to KRS 532.055, in which the prior convictions may be introduced and the appropriate sentence determined, following proper instructions to the jury.

■ Given that the prior convictions are not essential to the Commonwealth's case-in-chief in the prosecution of a DUI, the question becomes whether the introduction of the prior convictions during the guilt phase of the trial is unduly prejudicial to the defendant. The Commonwealth concedes, and we agree, that "unavoidable prejudice ... will result from the early introduction of evidence regarding a defendant's previous convictions for drunk driving." *Ratliff*, 719 S.W.2d at 449. The recognition of this prejudice is the foundation on which KRE 404(b)[1] rests. This rule of evidence codified a long held, "well known fundamental rule that evidence that a defendant on trial committed other offenses is never admissible unless it comes within certain exceptions." *Jones v. Commonwealth*, 303 Ky. 666, 198 S.W.2d 969, 970 (1947). Previous DUI convictions do not fall within either the exceptions outlined by KRE 404(b) or those recognized by this Court. *See, Bell v. Commonwealth*, Ky., 875 S.W.2d 882 (1994); *McCarthy v. Commonwealth*,

---

1. KRE 404(b). *Other Crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or

(2) If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party.

Ky., 867 S.W.2d 469 (1993); and *Rearick v. Commonwealth*, Ky., 858 S.W.2d 185 (1993). As this Court has previously held:

> Ultimate fairness mandates that an accused be tried only for the particular crime for which he is charged. An accused is entitled to be tried for one offense at a time, and evidence must be confined to that offense. The rule is based on the fundamental demands of justice and fair play.

*O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153, 156 (1982). Therefore, previous DUI convictions are not admissible during the guilt phase of a trial when offered to enhance the penalty.

In summary, we hold that KRS 189A.010(1) contains the elements of the crime of DUI. KRS 189A.010(4) is the penalty portion of the DUI statute and does not create additional crimes. Due to the prejudicial effect, prior DUI convictions shall not be introduced during the prosecution's case-in-chief for a violation of KRS 189A.010(1).

For the foregoing reasons, the Court of Appeals is hereby affirmed.

LAMBERT, STUMBO, JJ., and Special Justice DAVID F. BRODERICK, concur.

WINTERSHEIMER, JJ., dissents in a separate dissenting opinion. GRAVES and KING, JJ., join in this dissent.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent because KRS 189A.010(4)(d) establishes the felony offense of driving under the influence, fourth or subsequent offense, and it is not merely a sentencing statute.

As stated in my other dissenting opinions, *O'Bryan v. Commonwealth*, Ky., 920 S.W.2d 529 (1996), and *Dedic v. Commonwealth*, Ky., 920 S.W.2d 878 (1996), I must conclude that the proof as to earlier convictions was necessary in determining guilt and such evidence was admissible during the guilt phase of the trial despite the possible danger of prejudice resulting from its introduction.

The three previous DUI convictions not only serve to enhance punishment, but also change the character of the offense from a misdemeanor to a felony. Therefore, the prior DUI convictions should be considered as an element of the offense or proof of jurisdiction. KRS 532.055 does not preclude the introduction of the prior DUI convictions when introduced to prove that a felony offense has occurred. The probative value of proving that a felony DUI occurred clearly outweighed the prejudice resulting from the introduction of the prior convictions during the case-in-chief.

The Court of Appeals based its decision on *Clay v. Commonwealth*, Ky., 818 S.W.2d 264 (1991), in which this Court held that in a drug case where a subsequent offense is charged that the trial is to be bifurcated in accordance with the truth in sentencing act and that no reference is to be made to the prior offense until the sentencing phase of the trial. *Clay, supra*, specifically held that the commission of the prior offense or offenses was not a necessary element to determine guilt.

If *Clay* is applicable to DUI cases, it should be overruled to the extent that it precludes proof that a felony has been committed. I would reverse the decision of the Court of Appeals.

GRAVES and KING, JJ, join in this dissent.