Kenneth DEDIC, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 94–SC–659–DG.

Supreme Court of Kentucky.

April 25, 1996.

Fred E. Peters, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Frankfort, David W. Mossbrook, Special Assistant, Lexington, for Appellee.

STEPHENS, Chief Justice.

Appellant, Kenneth Dedic, was convicted of Driving Under the Influence of Intoxicants [hereinafter DUI], second offense, a misdemeanor, on December 17, 1993. Appellant then appealed the conviction to the Fayette Circuit Court. The conviction was affirmed. The Court of Appeals denied discretionary review. This Court granted discretionary review to clarify the issue concerning introduction of prior DUI convictions.

Appellant asserts that the trial court erred by: 1) allowing introduction of appellant's previous DUI conviction during the prosecution's case-in-chief; 2) failing to direct a verdict of acquittal on the DUI second offense; and 3) submitting allegedly erroneous jury instructions.

Prior to trial in Fayette District Court, appellant filed a motion *in limine* asking the court to prohibit introduction of appellant's previous DUI conviction during the prosecution's case-in-chief. Included in the motion was a stipulation that the jury need only be instructed on the penalty range for DUI second offense. The trial court, relying on *Asher v. Commonwealth*, Ky.App., 763 S.W.2d 153 (1988), denied appellant's motion. The facts of *Asher* are identical to appellant's case. Mr. Asher was convicted in Fayette District Court of DUI, second offense. Asher had offered to stipulate that the jury only be instructed on the penalty range for DUI second offense. Asher appealed to Fayette Circuit Court where his conviction was upheld. Asher's conviction was also upheld by the Court of Appeals in reliance upon the reasoning in *Ratliff v. Commonwealth*, Ky. App., 719 S.W.2d 445 (1986).

Applying the reasoning from *Commonwealth v. Ramsey*, Ky., 920 S.W.2d 526

(1996), a case rendered the same day as this opinion, we find the holding in *Asher* to be fundamentally unfair to a defendant. Accordingly, appellant's conviction is reversed. *Asher v. Commonwealth,* Ky.App., 763 S.W.2d 153 (1988) is hereby overruled.

█ It is a fundamental principle that the introduction of a previous conviction during the process of determining guilt or innocence is prejudicial. *Jones v. Commonwealth,* 303 Ky. 666, 198 S.W.2d 969 (1947). The problem is that there now exists no procedure by which to bifurcate a misdemeanor trial. However, if bifurcation of misdemeanor DUI trials was required, such would allow the Commonwealth to obtain a DUI conviction, and then introduce the evidence of a prior DUI conviction in order to seek enhancement of the sentence. *See,* KRS 189A.010(4).

█ Therefore, we hold that in misdemeanor DUI trials, evidence of previous DUI convictions shall not be introduced until a guilty verdict is rendered on the underlying charge. In order to fulfill the legislative mandate of enhanced penalties for repeat DUI offenders[1] and in accordance with our rule-making authority[2], this Court orders the District Courts to bifurcate misdemeanor DUI trials. As has been shown in felony proceedings, the bifurcation will not impose a heavy administrative burden on the courts or the prosecution. This holding reaffirms the fundamental principle that "[a]n accused is entitled to be tried for one offense at a time, and evidence must be confined to that offense." *O'Bryan v. Commonwealth,* Ky., 634 S.W.2d 153, 156 (1982).

█ Appellant's second argument centers around the method by which the previous conviction was shown. Appellant maintains the trial court erred by not granting a directed verdict in his favor when the Commonwealth failed to prove an essential element of "second offense" DUI. In light of our recent holding in *Ramsey, supra,* prior DUI convictions are not elements of additional crimes but rather are penalty guidelines. Therefore, we find no merit in appellant's second argument. We do caution the Commonwealth to follow the proper procedures in proving the occurrence date as required by

KRS 189A.010(7). We further caution the Commonwealth that, on appeal, it is limited to the evidence contained in the record.

Because we are reversing appellant's conviction on other grounds we decline to discuss appellant's third argument concerning the jury instructions.

For the foregoing reasons, appellant's conviction is reversed with this action remanded to the District Court for further proceedings in accordance with this opinion.

LAMBERT and STUMBO, JJ., and DAVID F. BRODERICK, Special Justice, concurs.

WINTERSHEIMER, J., dissents in a separate dissenting opinion.

GRAVES and KING, JJ., join in this dissent.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the conviction of driving under the influence, second offense within five (5) years, and the sentence of 30 days in jail and a $500 fine was correct.

Dedic was arrested and charged with DUI on May 27, 1993. He had previously been arrested on January 15, 1991 and convicted on February 6 of DUI. Any conviction during 1991 would be sufficient to enhance the penalty and the jury had sufficient evidence from which to conclude that the present charge occurred in 1991, and was his second conviction within five years. As stated in other recent dissenting opinions, *Commonwealth v. Ramsey,* Ky., 920 S.W.2d 526 (1996) (rendered April 25, 1996) and *O'Bryan v. Commonwealth,* Ky., 920 S.W.2d 529 (1996) (rendered April 25, 1996), I must conclude that the proof as to the first conviction was necessary in determining guilt, and such evidence was admissible during the guilt phase of the trial despite the possible danger of prejudice resulting from its introduction.

The majority opinion states that the procedure established by the legislature is "fundamentally unfair". Although there is no showing of constitutional violation, the Court has judicially created a new form of misdemeanor

---

**1.** KRS 189A.010.

**2.** Kentucky Constitution § 116.

trial. We have previously held that such a bifurcated proceeding is not constitutionally mandated and, absent such a mandate, any change is required to come from the legislature and not this Court. *Carver v. Commonwealth,* Ky., 634 S.W.2d 418 (1982).

The majority opinion substitutes its view for that of the legislature, usurps a legislative function and breaches the long honored principle of separation of powers.

KRS 189A was enacted by the legislature in recognition of the danger presented to the public by those who repeatedly drive while intoxicated. In balancing the protection of the public and the possibility of prejudice to the defendant, I must conclude that the General Assembly has determined the public would be better served by permitting the admission of a prior judicial fact.

I would affirm the conviction and the decision of the Court of Appeals.

GRAVES and KING, JJ., join in this dissent.