*O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153, 156 (1982). Therefore, previous DUI convictions are not admissible during the guilt phase of a trial when offered to enhance the penalty.

**Charles A. O'BRYAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–SC–706–DG.

Supreme Court of Kentucky.

April 25, 1996.

Wallace N. Rogers, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Frankfort, Thomas W. Dyke, Special Assistant Attorney General, Louisville, C. Lloyd Vest, II, Special Assistant Attorney General, Louisville, for appellee.

STEPHENS, Chief Justice.

Appellant, O'Bryan, appeals from the Court of Appeals reversal of a Jefferson Circuit Court order. The Circuit Court order prohibited the introduction of appellant's prior Driving Under the Influence of Intoxicants [hereinafter DUI] convictions during the prosecution's case-in-chief. We granted discretionary review to clarify the important issues raised by this appeal.

■ Appellant was indicted by the Jefferson County Grand Jury for DUI, fourth offense. Appellant made a motion to suppress the introduction of his previous DUI convictions during the guilt phase of the trial. The Jefferson Circuit Court granted the motion. The Commonwealth, appellee herein, appealed this order to the Court of Appeals. The Court of Appeals, relying on *Hall v. Commonwealth*, Ky., 817 S.W.2d 228 (1991), reversed the Circuit Court's order to exclude the prior DUI convictions. We reverse the Court of Appeals and reinstate the Jefferson Circuit Court order to exclude evidence of the prior DUI convictions during the prosecution's case-in-chief.

Reversal of the Court of Appeals is based upon the reasoning found in *Commonwealth v. Ramsey*, Ky., 920 S.W.2d 526 (1996), an opinion rendered herewith. The *Ramsey* opinion analyzes the issue of admissibility of evidence of prior DUI convictions during the prosecution's case-in-chief and expresses the reasoning of this Court applicable to the instant case.

■ Appellant raises the issue of whether use of DUI convictions which occurred before KRS 189A.010 was enacted is an *ex post facto* application of the law. We find this argument has no merit. *Botkin v. Commonwealth*, Ky., 890 S.W.2d 292 (1994), is dispositive on this issue. Appellant's attempt to distinguish this case is not persuasive.

For the foregoing reasons the Court of Appeals is hereby reversed.

LAMBERT, and STUMBO, JJ., Special Justice DAVID F. BRODERICK and Special Justice W. PATRICK MULLOY, II, concur.

WINTERSHEIMER, J., dissents in a separate dissenting opinion. GRAVES, J., joins in this dissent.

KING, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the proof necessary as to the first three DUI convictions was neces-

sary to the determination of guilt, consequently such evidence was admissible during the guilt phase of his trial despite the danger of possible prejudice resulting from its introduction. I would affirm the decision of the Court of Appeals.

There is no question that during the five years preceding the October, 1992 DUI arrest of O'Bryan, that he was convicted on three occasions of misdemeanor DUI offenses. Therefore, he was charged with a Class D felony on his fourth DUI conviction. KRS 189A.010(4)(d).

The trial court relied on *Clay v. Commonwealth,* Ky., 818 S.W.2d 264 (1991), to support its ruling of dismissal. In *Clay, supra,* this Court held that a trial court erred by permitting the Commonwealth to mention the prior drug related offenses of a defendant during the guilt phase of a trial for trafficking in cocaine.

I agree with the Court of Appeals opinion to the degree that the trial court erred by relying on *Clay* to support its ruling because in *Clay* the fact that the newest charged offense was a subsequent drug offense was irrelevant to the issue of the guilt of the accused, even though it was relevant to the issue of authorized penalty which could be imposed pursuant to KRS 218A.990 in that case. Here, by contrast, proof as to the first three offenses was necessary to establish that the current offense was a fourth offense and therefore a felony rather than a misdemeanor.

The proof of prior DUI convictions was necessary to establish guilt, that is the fact of such convictions was an essential element of the crime charged. *Cf. Hall v. Commonwealth,* Ky., 817 S.W.2d 228 (1991). A similar conclusion was reached in *Duvall v. Commonwealth,* Ky.App., 593 S.W.2d 884 (1979), where it was held that evidence of the defendant's status as a convicted felon was a necessary element of proof in a prosecution charging the defendant with being a convicted felon in possession of a handgun.

There is no validity to the contention that the prior DUI convictions could be presented during the penalty phase of the trial rather than during the guilt phase. Although KRS 532.055 permits bifurcated felony trials, bifurcated misdemeanor trials are not authorized by the applicable statute. *See* KRS 532.090. Accordingly, in the absence of proof of the prior DUI convictions to establish that a current DUI charge was a fourth or subsequent offense within a five year period, the prosecution would be completely unable to prove that the current charge was a felony or to establish that it was entitled to introduce evidence regarding the prior conviction during the penalty phase of a felony trial. The entire fabric of the statute charging a fourth offense could collapse thereby frustrating the clear intent of the General Assembly.

I would affirm the decision of the Court of Appeals.

GRAVES, J., joins in this dissent.