**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Ricky W. PACE, Appellee.**

**No. 2001–SC–0129–DG.**

Supreme Court of Kentucky.

Aug. 22, 2002.

A.B. Chandler III, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Christopher F. Polk, Louisville, for Appellee.

GRAVES, Justice.

In June 1999, Appellee, Ricky W. Pace, was arrested for DUI while operating his all-terrain vehicle (ATV). He was subsequently indicted in the Harlan Circuit Court for DUI, fourth offense in five years; driving while his license was suspended for DUI, second offense; and for operating an ATV on a highway and operating an ATV without wearing a helmet. Appellee was found guilty on all charges and sentenced to a total of five years imprisonment. The Court of Appeals reversed the conviction for DUI, fourth offense, and this Court thereafter granted discretionary review. For the reasons set forth herein, we reverse the Court of Appeals' decision and reinstate the judgment of the Harlan Circuit Court.

At trial, Appellee denied that he was under the influence at the time of his arrest. During cross-examination of Appellee, the prosecutor elicited substantial information concerning Appellee's prior DUI convictions. Defense counsel did not object to the prosecutor's line of questioning. On appeal, Appellee claimed that his prior DUI convictions were inadmissible as "prior bad acts" under the Kentucky Rules of Evidence 404(b).

The Court of Appeals reversed Appellee's conviction for DUI fourth offense, holding that the introduction of Appellee's prior convictions amounted to palpable error resulting in manifest injustice under RCr 10.26. The majority opinion noted that it is "well-established that prior DUI convictions are inadmissible in the guilt phase of a DUI trial." *See Commonwealth v. Ramsey*, Ky., 920 S.W.2d 526 (1996); *O'Bryan v. Commonwealth*, Ky., 920 S.W.2d 529 (1996); *Dedic v. Commonwealth*, Ky., 920 S.W.2d 878 (1996). Pointing to the lack of objective evidence against Appellee since he had refused to submit to a breathalyzer, and reasoning that the verdict hinged on the credibility of Appellee's denial versus the arresting officer's testimony, the court opined that it could not "conceive of any prior bad acts that would have had any greater prejudicial effect on the jury."

In his dissenting opinion, Judge Knopf stated that while the introduction of Appellee's prior DUI offenses during the guilt phase of trial was indeed error, such was not reversible absent a contemporaneous objection by counsel. We agree.

The palpable error rule set forth in RCr 10.26 is not a substitute for the requirement that a litigant must contemporaneously object to preserve an error for review. RCr 9.22. The general rule is that a party must make a proper objection to the trial court and request a ruling on that objection, or the issue is waived. *See Bell v. Commonwealth*, Ky., 473 S.W.2d 820 (1971). An appellate court may consider an issue that was not preserved if it deems the error to be a "palpable" one which affected the defendant's "substantial rights" and resulted in "manifest injustice." RCr 10.26. In determining whether an error is palpable, "an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different." *Commonwealth v. McIntosh*, Ky., 646 S.W.2d 43, 45 (1983).

As noted in the Court of Appeals' dissenting opinion, Appellee "admitted that

he had been drinking [at the time he was arrested] but merely denied he was as intoxicated as Trooper Thompson had described." Furthermore, Appellee did not deny that his driver's license was suspended for DUI at the time he committed the instant offenses. We simply cannot conclude that the outcome would have been any different had the evidence in question been excluded. Thus, while we agree that evidence of Appellee's prior DUI convictions was not admissible during the guilt phase of trial, the error, absent an objection, was not reversible; nor did such constitute palpable error warranting review under RCr 10.26.

We reverse the decision of the Court of Appeals and reinstate the judgment and sentence of the Harlan Circuit Court.

LAMBERT, C.J., COOPER, JOHNSTONE, KELLER, and WINTERSHEIMER, J.J. concur.

STUMBO, J., dissents without opinion.