Kenny K. **HATFIELD**, Petitioner,

v.

Hunter **DAUGHERTY**, et al., Respondents.

Civ. A. No. 93–7.

United States District Court, E.D. Kentucky, Lexington.

Oct. 12, 1993.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

### I. INTRODUCTION

The court is in receipt of the Proposed Findings of Fact and Recommendation of U.S. Magistrate Judge James F. Cook, who considered Petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, the Respondents' motion to dismiss or in the alternative, for summary judgment, the Petitioner's cross-motion for summary judgment and recommended that the Respondents' motion to dismiss or, alternatively, for summary judgment be granted, that Petitioner's cross-motion for summary judgment be denied, and that the habeas petition be dismissed on its merits.

The record reflects that Petitioner timely filed objections to the magistrate judge's report and recommendation. In light of these objections, the court has taken a *de novo* review of this action.

### A. *Factual/Procedural Background*

On or about March 31, 1991, Petitioner was arrested in Garrard County, Kentucky, and was charged with operating his motor vehicle while under the influence of intoxicants ("DUI"), in violation of KRS 189A.010. On April 1, 1991, Petitioner posted bond and was released from jail. As a result of the March 31, 1991 DUI citation, the Commonwealth of Kentucky also charged Petitioner with having violated KRS 189A.010 for the second time in five years; thus, the March 31, 1991 DUI offense was a subsequent DUI offense, mandating enhanced penalties as set out in KRS 189A.010(4).

Petitioner entered a plea of not guilty, and his trial was scheduled for October 25, 1991. On October 22, 1991, Petitioner moved to bifurcate his subsequent-offense DUI trial, requesting that the jury not hear any evidence concerning his prior DUI conviction until he was convicted of the subsequent DUI offense. The Garrard District Court denied Petitioner's bifurcation motion. Subsequently, on October 25, 1991, pursuant to RCr 8.09, Petitioner entered a conditional guilty plea to the March 31, 1991 DUI charge, the second DUI offense, and pursuant to a plea agreement with the Commonwealth, which was accepted by the Garrard District Court, Petitioner received a seven-day jail sentence and was ordered to attend alcohol education counselling. However, the Garrard District Court stayed the imposition of this sentence while Petitioner appealed the denial of his motion to bifurcate to the Garrard Circuit Court, which on February 28, 1992, affirmed the decision of the Garrard District Court to deny Petitioner's motion to bifurcate his second offense DUI trial.

Subsequently, Petitioner pursued the appeal of his bifurcation motion by moving the Kentucky Court of Appeals for discretionary review of this matter; however, on May 18, 1992, the Kentucky Court of Appeals denied his motion for discretionary review. Thereafter, Petitioner moved the Kentucky Supreme Court for discretionary review of this matter, and this motion was denied on October 14, 1992. Upon the exhaustion of his state court remedies, Petitioner filed the present petition for a writ of habeas corpus.

Petitioner's sentence was stayed pending the exhaustion of his state court remedies and remains stayed pending the resolution of the instant habeas petition. Petitioner requests the Court to issue a writ of habeas corpus requiring the Garrard District Court either to dismiss his subsequent DUI offense (Case No. 91–T–050) and to release him from custody (i.e., the sentence that has been stayed pending appeal) or to try his subsequent DUI offense in a bifurcated trial.

### B. Claims raised in the habeas petition

Petitioner asserts that the decision of the Garrard District Court not to bifurcate his subsequent-offense DUI trial so that the jury would hear no evidence of his prior DUI conviction during the guilt phase of his trial unless he was convicted of the second offense violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution. As grounds for his motion to bifurcate, Petitioner maintained that the jury would be unfairly prejudiced against him if the jury heard evidence during the guilt phase of his trial of his prior DUI conviction. In essence, Petitioner argues that he is entitled to a bifurcated trial, similar to that employed in persistent felony offender ("PFO") proceedings, in which the introduction of evidence concerning prior convictions is excluded until after the jury makes a determination of guilt on the immediate charge.

In support of his argument that the Garrard District Court erred in not bifurcating his subsequent-offense DUI trial, Petitioner relies on Clay v. Commonwealth, Ky., 818 S.W.2d 264 (1991), wherein the Kentucky Supreme Court held:

> It is our opinion that Smith v. Commonwealth [Ky., 707 S.W.2d 342 (1986) ] should be and it is hereby overruled. In all drug cases tried after the effective date of this opinion, when a subsequent offense is charged, the trial shall be bifurcated in accordance with the Truth–In–Sentencing Act (KRS Chapter 532). No reference shall be made to the prior offense until the sentencing phase of the trial, and this specifically includes reading of the indictment prior to or during the guilt phase.

Id. at 265. Petitioner contends that since his subsequent DUI offense involved a drug, alcohol, based on the mandate of Clay v. Commonwealth, supra, his subsequent offense drug trial must be bifurcated.

### C. The magistrate judge's report and recommendation

Magistrate Judge Cook reported that Petitioner's sole claim raised herein is whether his due process and equal protection rights were violated by the trial court's denial of his motion to bifurcate his subsequent offense DUI trial on the issues of guilt and penalty. The magistrate judge noted that the decision of the Garrard District Court to deny Petitioner's bifurcation motion was based on Ratliff v. Commonwealth, Ky.App., 719 S.W.2d 445 (1986). Ratliff concerned two DUI defendants who had prior DUI convictions and who were convicted in Fayette District Court on subsequent DUI charges. Like Petitioner, the Ratliff defendants moved the trial court to bifurcate their trials to exclude any evidence of their previous DUI convictions during the guilt phase of their trials, and the trial court denied their motions to bifurcate.

In appealing their conviction on the subsequent DUI offenses to the Kentucky Court of Appeals, the Ratliff defendants argued, inter alia, that they were entitled to a bifurcated trial wherein the jury would hear no evidence of their previous DUI convictions unless they were convicted of the subsequent offense. In analyzing this argument, the Kentucky Court of Appeals commented that while this argument was persuasive, the Supreme Court had previously determined that a misdemeanor defendant did not have a constitutional right to a bifurcated trial and that any such right must be recognized by statutory enactment, just as the right to a bifurcated trial in PFO cases was established by statute. However, the Ratliff Court was sympathetic to the defendants' situation, noting that the trial court should admonish the jury not to give any weight to a previous DUI conviction in determining guilt on the subsequent offense. The complete analysis of the Ratliff Court on this issue follows:

> At first blush this argument appears to be extremely persuasive, especially in light

of the authorities cited to us by appellants regarding the general inadmissibility of evidence of past felony convictions in felony prosecutions. *See, e.g., Commonwealth v. Richardson,* Ky., 674 S.W.2d 515 (1984); *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970). Nevertheless, despite our fundamental agreement with appellants on this question and our belief that substantial prejudice will unavoidably result from the premature introduction of evidence of this nature, we are bound by our role as a court of error to affirm the trial court on this question. *Farmers Bank and Trust Co. of Bardstown v. Rice* [674 S.W.2d 510 (1984)] *supra.* Specifically, decisions by our Supreme Court indicate that in cases such as the present appeals in which proof of defendant's prior convictions was essential to the determination of guilt on the primary charge or the fixing of an appropriate punishment, evidence of those earlier convictions was admissible regardless of their unquestionably prejudicial effect. *Wahl v. Commonwealth,* Ky., 490 S.W.2d 769 (1972). *See also,* R. Lawson, *The Kentucky Evidence Law Handbook* § 2.20 Comment II (2d ed. 1984).

We find further support for our conclusion that the trial court did not commit reversible error in allowing the introduction of evidence of appellants' earlier convictions prior to determination of guilt on the underlying charge in our Supreme Court's holding in *Carver v. Commonwealth,* Ky., 634 S.W.2d 418 (1982). In that case the defendant who was charged with a violation of the local option laws, argued that the enhanced sentence which she might be accorded on the basis of an earlier conviction for violation of that same law entitled her to a bifurcated trial, at which evidence of the first conviction would not be admitted until the sentencing phase of the proceeding. The Supreme Court rejected that contention, however, on the grounds that bifurcated trial[s] in such prosecutions are not constitutionally mandated, but instead, as in the persistent felony offender cases, are the product of statutory enactment. As no such requirement is present in KRS 189A, the trial court did not err in refusing to grant appellants' motion for bifurcated trials and admitting evidence of their prior convictions before a determination of guilt on the underlying charge.

In reaching this conclusion, we do not mean to minimize the unavoidable prejudice that will result from the early introduction of evidence regarding a defendant's previous convictions for drunken driving. As much as is possible, the trial court in this type of prosecution should attempt to negate the harm produced by the disclosure of such information through the admonishment to the jury that it should be given no weight in their deliberations as to the defendant's guilt.

719 S.W.2d at 449.

In affirming the Garrard District Court, the Garrard Circuit Court relied on *Ratliff* as controlling authority.

### 1. The due process claim

█ In evaluating Petitioner's due process claim, Magistrate Judge Cook concluded that based on *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), Petitioner did not have a constitutional right under the Due Process Clause, as made applicable to the states by the Fourteenth Amendment, to a bifurcated trial on the issues of guilt and penalty. The magistrate judge also concluded that since the trial court's decision to deny Petitioner's bifurcation motion was based on existing precedent, *Ratliff v. Commonwealth, supra,* which the magistrate judge opined was not overruled by *Clay v. Commonwealth, supra,* Petitioner had not been denied any constitutionally protected liberty interest to a bifurcated trial.

*Petitioner's objection*

In objecting to the magistrate judge's conclusion that the trial court's denial of his bifurcation motion did not violate his due process rights under the Fourteenth Amendment, Petitioner points out that while the Garrard District Court and the Garrard Circuit Court may have felt constrained by the existing precedent, *Ratliff v. Commonwealth, supra,* Kentucky's appellate courts, the Kentucky Court of Appeals and the Kentucky

Supreme Court, not being bound by existing precedent, could have corrected the law in Kentucky on this issue; however, Kentucky's appellate courts chose not to address this issue. Therefore, Petitioner continues to assert his due process claim, which he has now placed before this federal habeas court. Petitioner also contends that since the magistrate judge relied on *Spencer v. Texas, supra,* as authority for his conclusion that he had no due process right to a bifurcated trial, *Spencer v. Texas, supra,* should be overruled.

### Analysis

■ It is well established that there is no constitutional right under the Due Process Clause, as made applicable to the states by the Fourteenth Amendment, to a bifurcated trial. on the issues of guilt and penalty. *Spencer v. Texas, supra.* Therefore, as noted in *Ratliff,* any such right to a bifurcated trial must be established by statute.

In respect to persistent felony offense charges, Kentucky has enacted a statute providing for a bifurcated trial wherein the jury will not hear any evidence of the previous felony convictions unless the defendant is convicted of the immediate felony charge. *See* KRS 532.080(1). However, Kentucky has chosen not to enact a similar statute for subsequent misdemeanor offenses, such as Petitioner's subsequent DUI offense.

Consequently, since there is no right to a bifurcated trial under the United States Constitution and since Kentucky has not created a statutory right to a bifurcated trial in relation to subsequent misdemeanor offenses, the Court must conclude, as did the magistrate judge, that the Garrard District Court properly denied his motion for a bifurcated trial. Further, just as the Garrard District and Garrard Circuit Courts were without authority to overrule *Ratliff v. Commonwealth, supra,* a decision by the Kentucky Court of Appeals, this federal habeas court likewise is bound by and is without authority to overrule *Spencer v. Texas, supra,* a decision by the United States Supreme Court. Accordingly, Petitioner's objection to the magistrate judge's conclusion that he had no due process right to a bifurcated trial is without foundation and will be overruled.

#### 2. *The equal protection claim*

■ Relying on *Clay v. Commonwealth, supra,* Petitioner asserts that the denial of his bifurcation motion violated his equal protection rights under the Fourteenth Amendment. In *Clay,* the defendant was charged and convicted of trafficking in cocaine, a subsequent offense, and of being a persistent felony offender; hence, *Clay* concerned felony offenses. As noted previously, *Clay* held that in all drug cases tried thereafter, when a subsequent offense is charged, the trial shall be bifurcated. Petitioner argues that since *Clay* made no distinction between misdemeanor drug offenses and felony drug offenses, and since the *Clay* Court did not limit expressly its holding to felony offenses, the Garrard District Court was required to bifurcate his subsequent offense DUI trial.

In analyzing this claim, Magistrate Judge Cook determined that there was no equal protection violation because bifurcated trials are statutorily required for felony offenses, pursuant to KRS 532.080, but not for misdemeanor offenses, such as DUI offenses. The magistrate judge concluded that since the difference between a misdemeanor and a felony is not based on a "suspect class" or on a "fundamental right," it must be determined if there is a rational basis for the difference in the way Kentucky prosecutes felonies and misdemeanors. The magistrate judge further noted that under the rational basis standard, the judicial inquiry is limited to ascertaining whether the classification of misdemeanors and felonies bears a rational relation to a permissible governmental objective. *See Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

■ As noted by the magistrate judge, it is well settled that a state is entitled to a great degree of deference in the exercise of its police powers, including the statutory creation of criminal offenses and their corresponding penalties. *See Salsburg v. Maryland,* 346 U.S. 545, 549–50, 74 S.Ct. 280, 282, 98 L.Ed. 281 (1954). In the final analysis, the magistrate judge concluded that since there are inherent differences between (1)

the degree of penalties which may be assessed for misdemeanors and felonies, and (2) the nature of the judicial proceedings concerning felonies and misdemeanors, the decision by Kentucky's legislature to require felony offenses to be bifurcated but not to require misdemeanor offenses to be bifurcated, including the DUI offenses in KRS 189A.010, is rationally related to Kentucky's permissible governmental objective of defining criminal offenses and providing the penalties therefor within its boundaries. Consequently, the magistrate judge concluded that Petitioner had failed to state an equal protection claim.

### Petitioner's objection

In objecting to the magistrate judge's assessment of his equal protection claim, Petitioner contends that the magistrate judge's analysis of this claim misses the point because this claim does not turn on the fact that Kentucky statutorily requires felonies to be bifurcated, but not misdemeanors, or the difference in how Kentucky classifies felonies and misdemeanors. Petitioner asserts that the proper analysis must compare how Kentucky treats DUI cases with other subsequent offense drug cases and that the felony/misdemeanor classification is irrelevant to this evaluation.

### Analysis

Petitioner's equal protection claim is based on the fact that (1) the case against him was a misdemeanor drug offense, in his case the drug was alcohol, (2) the underlying DUI offense was a subsequent offense, and (3) the trial court refused to bifurcate his trial. Petitioner submits that the denial of his motion to bifurcate deprived him of equal protection because Kentucky is arbitrarily bifurcating some misdemeanor drug offenses, such as marijuana, while not bifurcating other misdemeanor drug offenses, such as DUI offenses involving alcohol.

While Petitioner's argument that *Clay v. Commonwealth, supra,* required the trial court to bifurcate his subsequent DUI offense is impressive, the Court is of the opinion that contrary to Petitioner's assertions, *Clay* does not reach subsequent misdemeanor offenses, including subsequent DUI offenses. *Clay,* a felony case, makes no reference to DUI misdemeanor offenses and other misdemeanors. Therefore, this Court is of the opinion that *Clay* is only applicable to felony offenses. If the Kentucky Supreme Court had wanted to paint with a broad brush in *Clay* and hold that all drug offenses, including felonies, misdemeanors and DUI offenses, must be bifurcated when a subsequent offense is charged, such language would be found in *Clay.* However, such language is noticeably absent from *Clay.*

Consequently, the Court concludes that the *Clay* holding is not all-encompassing, as Petitioner urges. Further, the Court also agrees with the magistrate judge that *Clay* did not overrule *Ratliff* and that Petitioner has no viable equal protection claim under the United States Constitution. It is clear that there are inherent differences between (1) felonies and misdemeanors, (2) the degree of the penalties assessed for the variety of felonies and misdemeanors, and (3) the nature of the judicial proceedings concerning felonies and misdemeanors. Kentucky has afforded subsequent felony offenders the statutory right to a bifurcated trial; however, Kentucky has also chosen not to provide subsequent misdemeanor offenders the statutory right to a bifurcated trial. As previously noted, a state is entitled to a great degree of deference in the exercise of its police powers, including the statutory creation of criminal offenses and their corresponding penalties. *See Salsburg v. Maryland,* 346 U.S. 545, 549–50, 74 S.Ct. 280, 282, 98 L.Ed. 281 (1954).

Since there is no constitutional right to a bifurcated trial, and since a subsequent misdemeanor defendant in Kentucky has no statutory right to a bifurcated trial, the Court agrees with Magistrate Judge Cook that Petitioner has no viable equal protection claim. Accordingly, Petitioner's objections to the magistrate judge's report and recommendation on his equal protection claim must be overruled.

## II. CONCLUSION

Having reviewed the record and the applicable case law, the Court is of the opinion

that Petitioner's due process and equal protection claims are without constitutional foundation. There is no constitutional right to a bifurcated trial. Any right to a bifurcated trial must be created by statute. Kentucky has afforded subsequent felony offenders the statutory right to a bifurcated trial; however, Kentucky has also chosen not to afford subsequent misdemeanor offenders a bifurcated trial. Since this decision by Kentucky's legislature does not offend the United States Constitution, this Court cannot direct Kentucky to provide him with a bifurcated trial.

Consequently, for the reasons expressed above, the Court finds that Petitioner's objections to the magistrate judge's report and recommendation are without foundation. His objections thereto will be overruled.

Accordingly, **IT IS HEREBY ORDERED** and **ADJUDGED** that:

1. Plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED.**

2. Magistrate Judge Cook's report and recommendation is **ADOPTED** as the court's opinion.

3. Petitioner's cross-motion for summary judgment on his habeas corpus petition [DE # 13] is **DENIED.**

4. The Respondents' motions to dismiss or, in the alternative, for summary judgment [DE ## 7, 10] are **GRANTED.**

5. Petitioner's petition for a writ of habeas corpus is **DENIED,** and this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

6. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that any *in forma pauperis* appeal of this Order would be taken in good faith and hereby issues a certificate of probable cause.