**Edgar E. ROYALTY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–841–DG.**

Court of Appeals of Kentucky.

May 13, 1988.

Herbert M. O'Reilly, Hardinsburg, for appellant.

Frederic J. Cowan, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, Bruce T. Butler, Breckinridge Co. Atty., Hardinsburg, Danny E. Darnall, Brandenburg, for appellee.

Before HOWERTON, C.J., and GUDGEL and HAYES, JJ.

HAYES, Judge:

Appellant was convicted in Breckinridge District Court for a third offense of operating a vehicle under the influence of intoxicants, KRS 189A.010(2)(c). His appeal to Breckinridge Circuit Court was affirmed and this Court granted discretionary review upon the sole issue of whether the present conviction was upon the second or third offense charged within the meaning of KRS 189A.010(2)(b) and (2)(c). In his brief, appellant raises other issues which are in violation of the order granting discretionary review, therefore, we will not consider them.

The undisputed facts are that appellant was convicted in Jefferson District Court on December 28, 1982. He was subsequently convicted in Jefferson District Court on April 21, 1986. The appellant was convicted on the charge upon which he now appeals in Breckinridge District Court on November 10, 1986. Obviously, when he was tried on November 10, 1986, he had the status of having been convicted twice before for driving under the influence.

His argument, however, is that the statute, KRS 189A.010 is in the terminology of "offense" instead of "conviction." Therefore, he argues, the Breckinridge charge was the second offense since he had not yet been arrested upon the Jefferson charge upon which he was convicted April 21, 1986. The chronology involved here is such:

| Arrest | Conviction |
| --- | --- |
| December 1, 1982 | December 28, 1982 |
| February 14, 1986 | April 21, 1986 |
| May 11, 1985 | November 10, 1986 |

As can be seen, when appellant was arrested in Breckinridge County on his present offense, it was his second "offense," however, when "convicted" on November 10, 1986, for the Breckinridge offense it was his third conviction.

The case of *Commonwealth v. Ball*, Ky., 691 S.W.2d 207 (1985), is dispositive of appellant's argument. In *Ball*, the Kentucky Supreme Court said at 210:

> One who has been *convicted* of engaging in the prohibited conduct of operating a motor vehicle anywhere in this state while under the influence of alcohol in violation of Section (1) of KRS 189A.010, and who has the status *at the time of such conviction* of having been previously *convicted* within five years of such *conviction* of driving under the influence, is a previous offender and is subject to the enhancement provision of Section (2)(a), (b), and (c) of KRS 189A.010. (Emphasis ours).

Additionally, common sense dictates that appellant was already a second time offender of KRS 189A.010 when he submitted to trial by jury on November 10, 1986, in Breckinridge County. To hold otherwise would grant the appellant a license to continue to drive intoxicated from his arrest until trial and judgment without the added penalty of KRS 189A.010(2)(b) or (c). We assume the Kentucky Legislature did not intend such a ridiculous result.

The judgment is affirmed.

All concur.