**COMMONWEALTH of Kentucky,**
**Appellant,**

**v.**

**Dustin BEARD, Appellee.**

**No. 2006–CA–001990–DG.**

Court of Appeals of Kentucky.

March 28, 2008.

Discretionary Review Denied by Supreme Court Feb. 11, 2009.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellant.

Samuel N. Potter, Assistant Public Advocate, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; ACREE and THOMPSON, Judges.

*OPINION*

COMBS, Chief Judge.

On August 17, 2006, the Calloway Circuit Court vacated Dustin Beard's plea of guilty to driving under the influence, second offense (hereinafter DUI 2nd), entered in the Calloway District Court. Beard had previously been charged with driving under the influence, first offense, but had not been convicted of that offense when he was charged with the second. The circuit court held that he could not be charged with DUI 2nd since he had not been convicted of the earlier DUI charge at the time of his arrest for the second offense. The Commonwealth appeals from this decision. After our review, we are compelled to affirm.

On May 5, 2006, Beard was arrested and charged with driving under the influence, first offense (DUI 1st). Three weeks later, on May 26, 2006, Beard was again arrested for driving under the influence

and was charged with DUI 2nd and reckless driving. At the time of his second arrest, Beard had not been convicted on the DUI charge of May 5. The classification of a DUI offense as DUI 1st or 2nd is significant due to the potential for enhanced penalties associated with the latter charge. *See, e.g.,* Kentucky Revised Statutes (KRS) 189A.010(5)(b) & (8).

On July 11, 2006, Beard filed a motion in the Calloway District Court to amend the pending DUI 2nd charge to a DUI 1st charge and emphasized that he had not been convicted of the DUI of May 5 at the time that he was charged with the DUI of May 26. Beard argued that KRS 189A.010(5)(b) and (e), along with *Fulcher v. Commonwealth,* 149 S.W.3d 363 (Ky. 2004), limited DUI 2nd charges to those situations in which a defendant **had actually been convicted** of a prior DUI offense—and not merely charged—at the time that he was charged with the second DUI. When the district court denied his motion, Beard entered a guilty plea as to the May 5 DUI charge. Pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09, he then immediately entered a conditional guilty plea as to the May 26 DUI charge, reserving his right to appeal the denial of his motion to amend to the Calloway Circuit Court.

Beard filed his notice of appeal to the circuit court on July 21, 2006; his statement of appeal followed on July 24, 2006. He again argued that Kentucky statutes and case law prevented him from being charged with DUI 2nd before he had been convicted on another DUI charge. The circuit court agreed and vacated Beard's DUI 2nd conviction. In remanding the matter, it instructed the district court to treat the May 26th DUI as a first offense. The Commonwealth filed a motion for discretionary review of the circuit court's de-

cision, which we granted on November 21, 2006.

We must determine whether Beard's May 5 DUI arrest can be used to enhance the penalties for his conviction on the May 26 DUI charge when he had not been convicted of the first offense before the second offense occurred. The parties do not dispute that Beard was charged with DUI 2nd before he had been convicted of a previous DUI charge. Our first inquiry must focus on KRS 189A.010(5)(e), which provides:

> For purposes of this subsection, **prior offenses shall include all convictions** in this state, and any other state or jurisdiction, for operating or being in control of a motor vehicle while under the influence of alcohol or other substances that impair one's driving ability, or any combination of alcohol and such substances, or while having an unlawful alcohol concentration, or driving while intoxicated, but shall not include convictions for violating subsection (1)(e) of this section. A court shall receive as proof of a prior conviction a copy of that conviction, certified by the court ordering the conviction.

(Emphasis added).

Beard contends that *Fulcher v. Commonwealth, supra,* deals with this statutory provision in a manner that should be dispositive of this case. In *Fulcher,* a defendant was charged with multiple methamphetamine-related offenses and faced "subsequent offender" penalty enhancements pursuant to KRS 250.991(2), which provides:

> Any person who knowingly possesses anhydrous ammonia in a container other than an approved container in violation of KRS 250.489 is guilty of a Class D felony unless it is proven that the person violated KRS 250.489 with the intent to manufacture methamphetamine in viola-

.. 

tion of KRS 218A.1432, in which case it is a Class B felony for the first offense and a Class A felony for each subsequent offense.

Because the statute did not define what was meant by "subsequent offense," our Supreme Court construed this provision as requiring "a conviction-to-offense sequence, i.e., the second offense must occur after conviction of the first offense" before any penalty enhancements could be applied. *Fulcher*, 149 S.W.3d at 380. In a footnote, the Court further noted that:

> [t]he General Assembly also appears to have adopted the conviction-to-offense sequence for subsequent offense enhancement of operating a motor vehicle while impaired. **KRS 189A.010(5)(e) (defining prior offenses as "all convictions" obtained prior to the subsequent offense).**

*Id.* at 380 n. 3 (Emphasis added). Beard argues that this language compels us to affirm the decision of the Calloway Circuit Court. He contends that the Supreme Court interpreted KRS 189A.010(5)(e) as requiring a defendant to be convicted of one DUI before being charged with another DUI in order for the penalty enhancement provisions of that statute to apply. Accordingly, he believes that the Calloway Circuit Court correctly applied that ruling.

The Commonwealth reminds us that Beard is improperly relying on *dicta* in *Fulcher*. We agree that we need not treat *dicta* as precedent. *Board of Claims of Kentucky v. Banks*, 31 S.W.3d 436, 439 n. 3 (Ky.App.2000). However, Beard also cites us to one of our own cases to bolster his argument: *Royalty v. Commonwealth*, 749 S.W.2d 700 (Ky.App.1988). In *Royalty*, the defendant was first convicted of a DUI on December 28, 1982. He was subsequently **arrested** for a second DUI on May 11, 1985, and a third DUI on February 14, 1986.

To address the sequence of events, we set forth a chart of the disposition of these three DUI's as follows:

(1) DUI 1st—convicted—December 28, 1982

(2) DUI 3rd—arrested—May 11, 1985 → convicted—November 10, 1986

(3) DUI 2nd—arrested—February 14, 1986 → convicted—April 21, 1986

Royalty's second and third offenses resulted in convictions that failed to reflect their chronological occurrence. When Royalty was finally convicted of his second DUI of May 11, 1985, he had actually achieved the status of having a total of **three DUI** convictions. Nonetheless, he argued that for the purpose of penalty enhancement, his third conviction should in fact be treated as a DUI 2nd since it had pre-dated his arrest and conviction for his third DUI.

We held that Royalty should be treated as a **three-time** offender for purposes of KRS 189A.010 even though the charge of May 11, 1985, was chronologically his second offense. We observed as follows:

> Additionally, common sense dictates that appellant was already a second time offender of KRS 189A.010 when he submitted to trial by jury on November 10, 1986, in Breckinridge County. To hold otherwise would grant the appellant a license to continue to drive intoxicated from his arrest until trial and judgment without the added penalty of KRS 189A.010(2)(b) or (c). We assume the Kentucky Legislature did not intend such a ridiculous result.

*Id.* at 701.

Thus, for purposes of penalty enhancement under KRS 189A.010, *Royalty* holds that the **date of the conviction**—not the date of the arrest—governs. *See also Osborne v. Commonwealth*, 867 S.W.2d 484, 488 (Ky.App.1993). Royalty had actually been convicted for his DUI 2nd before he was convicted for his DUI 3rd—as distinguished from Beard's scenario.

Beard's two cases were handled together on the same day—virtually simultaneously. The Commonwealth could have acted expeditiously to obtain a DUI 1st conviction for the May 5 offense prior to prosecuting the charge of May 26, but instead it essentially "bundled" both offenses.

Although he had entered a plea, Beard had not yet been convicted as such for the arrest of the May 5, 2006, when he entered his guilty plea for the second offense of May 26, 2006. As to the May 5 offense, the record contains an unsigned, incomplete copy of Beard's plea of guilty. No reference to a sentence or other indication of "conviction" is made. As to the May 26 offense, the record contains a hand-written entry on a docket sheet setting forth his punishment for DUI 2nd. Therefore, we can find no credible record of conviction for the May 5 offense.

KRS 189A.010(5)(e) defines "prior offenses" in clear and unambiguous language and requires that a copy of a conviction be certified by a court:

> prior offenses shall include **all convictions** in this state, and any other state or jurisdiction, for operating or being in control of a motor vehicle while under the influence of alcohol or other substances that impair one's driving ability. . . . A court shall receive **as proof of a prior conviction a copy of that conviction, certified by the court ordering the conviction.**

(Emphasis added.)

There seems to be no escaping the import of that language that Kentucky has indeed embraced the conviction-to-offense prerequisite for penalty enhancement purposes in DUI cases. Thus, we are compelled to affirm the circuit court. That court expressed its displeasure with the unavoidable outcome in its order of August 17, 2006:

While the Court may not like the result, the fact is that the legislature has spoken very clearly in this respect. However, the Court would note that in keeping with the current trend in the Court system to provide dicta as cannon fodder for attorneys, the fact that the case can only be prosecuted as a first offense does not mandate that the Commonwealth has to treat it exactly the same for purposes of plea agreements. Penalties for a First Offense DUI carry up to 30 days in jail and fines up to $500.00.

Therefore, the Appellant's Appeal is granted, and the Court must treat the May 26, 2006 DUI as a first offense.

Public policy appears to be ill served by the outcome of this case. There is no doubt that the penalty enhancement provisions of KRS 189A.010 were created by the General Assembly in order to deter drunken drivers from becoming habitual offenders. Those penalty provisions are effectively circumvented if a defendant can avoid the extra penalties merely because of the timing of various convictions. However, the legislature has apparently wrestled with the need to balance due process and the policy of enhancing penalties for serial offenses by drunken drivers. It may be that it could achieve that balance by amending the statute to affect the plea process. If and until the statute directs otherwise, we are bound to follow its literal language. The only solution at present is for the Commonwealth to act as swiftly as possible in prosecuting DUI charges seriatim rather than in aggregate.

The decision of the Calloway Circuit Court is affirmed.

ALL CONCUR.