**James Riley SCRIVENER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 25, 1976.

Geoffrey P. Morris, Staff Atty., Jefferson District Public Defender, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment of conviction entered March 14, 1975, on a jury verdict which found appellant guilty on charges of burglary and of being an habitual criminal under KRS 431.190.

Appellant raises this meritorious question: Did the trial court err by failing to grant a defense motion requesting a continuance, so that appellant could be tried in street clothing rather than identifiable prison clothing?

■ In the recent case of *Estelle, Corrections Director v. Williams,* —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126 (decided May 3, 1976), the Supreme Court of the United States held that an accused may not be compelled to stand trial before a jury while dressed in identifiable prison clothing, provided such is objected to and timely brought to the attention of the trial court. Appellant's motion for a continuance in the instant case was sufficient to meet this requirement.

In *Williams, supra,* Chief Justice Burger, speaking for the majority, stated:

"The potential effects of presenting an accused before the jury in prison attire need not, however, be measured in the abstract. Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system. . . ."

\* \* \* \* \* \*

"Similarly troubling is the fact that compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial. Persons who can secure release are not subjected to this condition. To impose the condition on one category of defendants, over objection, would be repugnant to the concept of equal justice embodied in the Fourteenth Amendment. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)."

■ A review of the record in the instant case shows overwhelming evidence of appellant's guilt on the principal charge. Nonetheless, the judgment must be reversed in accordance with the dictates of the Supreme Court of the United States.

■ Other issues raised in this appeal will not be discussed in this opinion, but upon retrial of the case the prosecuting

attorney should not bring to the attention of the jury any filed away or dismissed charges against the appellant.

The judgment is reversed with directions that appellant be granted a new trial.

All concur.