RENDERED: JANUARY 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0550-MR

MICHAEL J. LEWIS                                                    APPELLANT

V.                 ON APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN LAPE, JUDGE
NO. 18-CR-01084

COMMONWEALTH OF KENTUCKY                            APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>AFFIRMING</u>**

A circuit court jury convicted Michael J. Lewis of three counts of first-degree, second-offense, trafficking in a controlled substance and recommended a sentence of 32 years in prison. The trial court adopted the recommended sentence and entered judgment accordingly.

Lewis appeals from the judgment as a matter of right,[1] alleging two trial court errors. First, Lewis argues that the trial court committed reversible error when, as jury selection began, it inadvertently read the "second offense" portion of his indictment to the assembled venire. Second, Lewis alleges that the trial court committed reversible error when it allowed the prosecution to introduce into evidence photos of Lewis taken at the jail after his arrest. We find that the

---

[1] Ky. Const. § 110(2)(b).

trial court did not reversibly err in either instance, and thus we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

While acting as a police informant, Anthony Sweigart met Michael Lewis through a mutual friend. Sweigart and his friend visited Lewis at his residence, and Lewis offered to sell heroin to the two. The police then organized a controlled buy of heroin from Lewis. Wearing a body camera that captured each encounter, Sweigart made three separate controlled buys from Lewis.

As trial commenced on the charges arising out of these encounters, the trial court read aloud to the venire the text of Lewis's indictment. However, the trial court failed to omit the words *second offense* and *having previously been convicted of first-degree trafficking in a controlled substance* from her reading of the indictment. Lewis objected immediately, requesting a mistrial, claiming the jury was impermissibly informed of his status as a prior offender. The trial court denied the request for a mistrial and instead admonished the jury to disregard what had been previously read to them and re-read the indictment omitting any reference to the prior conviction.

The Commonwealth introduced into evidence a series of photos of Lewis taken at the jail after his arrest. The Commonwealth introduced the images as evidence to establish Lewis as the individual selling heroin to Sweigart in the body-camera footage. Specifically, the photos showed Lewis's distinctive tattoos that were visible in the body-camera footage. The jury was not

2

informed that the photographs were taken after Lewis had been placed under arrest, and the images were doctored to remove indications that the images were taken while Lewis was in custody. For example, portions of the images showing Lewis's jail garb were cropped out.

Lewis objected to the introduction of these images into evidence, claiming that the jury would recognize the photos as having been taken while he was in custody. Lewis argued that the jury would assume that the photos were taken during his incarceration for a previous offense and thus were prejudicial to his case. The trial court allowed the photographs to be entered into evidence, overruling Lewis's objection.

Upon conclusion of Lewis's case-in-chief, the jury found him guilty of three counts of trafficking in a controlled substance. In the sentencing phase, the jury was informed of his status as a previous offender. The jury then recommended a sentence of 32 years in prison, which the trial court adopted.

## II. ANALYSIS

### A. The trial court did not err in denying Lewis's request for a mistrial.

Lewis contends that the trial court committed reversible error in failing to grant him a mistrial after the venire was read his entire indictment, including the mention of his previous offenses. The trial court read:

> Commonwealth of Kentucky versus Michael Jamal Lewis and this case number is 18-CR-1084. That on or about August 6, in Kenton County, Kentucky, the defendant committed the offense of first-degree trafficking in a controlled substance, **second offense**, a felony, when the defendant knowingly and unlawfully possessed a quantity of heroin, a schedule I narcotic, with intent to sell or distribute some amount of said heroin; and/or did, in fact, manufacture, distribute, dispense, or sell a quantity

3

of heroin, a schedule I narcotic, **in violation of KRS 218A.1412, having previously been convicted of first-degree trafficking in a controlled substance.**

Lewis objected to the inclusion of references to his prior convictions (the bolded portions above). Following a bench conference and a brief break during which the parties each researched the issue, Lewis requested a mistrial on the grounds that the jury had been informed of his previous convictions and would be prejudiced against him as a result. The trial court denied his request, instead finding that an admonition to the jury would cure any potential error that occurred. Lewis now appeals his conviction on, in part, the grounds that the court committed reversible error in refusing to grant a mistrial.

Declaring a mistrial is "an extreme remedy and should be resorted to only when there appears in the record a manifest necessity for such an action or an urgent or real necessity."[2] We review a trial court's decision to deny a mistrial under an abuse-of-discretion standard.[3] Therefore, we will disturb the trial court's decision only if we find it unreasonable, unfair, arbitrary, or unsupported by sound legal principles.[4]

Before adoption of the Kentucky Rules of Criminal Procedure in 1963, Section 219 of the Criminal Code of Practice required either the clerk of the court or the Commonwealth's Attorney to read the indictment to the jury at

---

[2] *Bray v. Commonwealth*, 68 S.W.3d 375, 383 (Ky. 2002).

[3] *Slone v. Commonwealth*, 382 S.W.3d 851, 858 (Ky. 2012).

[4] *Bounds v. Commonwealth*, 630 S.W.3d 651, 659 (Ky. 2021) (quoting *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999)).

some point before the conclusion of the Commonwealth's evidence.[5]  The

failure to comply with this rule was grounds for reversal of the defendant's

conviction.[6]  Kentucky has since adopted the Rules of Criminal Procedure, and

RCr[7] 9.42 replaced Section 219.  RCr 9.42 makes reading the indictment to the

jury an optional responsibility of the Commonwealth's Attorney.  However, the

trial court's practice of reading the defendant's indictment to the jury is one

that lingers in some circuit courts across the Commonwealth.  In this case,

such tradition drove the actions of the trial court in reading Lewis's indictment

to the jury.

By including the portions of Lewis's indictment that mentioned his

previous convictions, the trial court committed error.  Under KRE[8] 404(b),

evidence of other crimes or bad acts committed by the defendant is

inadmissible for the purpose of proving the defendant's character "in order to

show action in conformity therewith."  KRS 404(b)(1) includes several other

purposes for which character evidence might be admissible, including "proof of

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

of mistake or accident . . . ."  Because the trial court could not offer the

information contained in the indictment for any of these permissible purposes,

the evidence of Lewis's previous convictions was admitted in error.

---

[5] *Calhoun v. Commonwealth*, 378 S.W.2d 222, 223 (Ky. 1964).

[6] *Id.* (citing *Farris v. Commonwealth*, 63 S.W. 615, 617 (Ky. 1901)).

[7] Kentucky Rules of Criminal Procedure.

[8] Kentucky Rules of Evidence.

Breaches of KRE 404(b)'s rule against the admission of prior bad acts as character evidence are generally subject to admonitory cures.[9] Such an admonition to the jury is deemed to cure an error unless "the argument was so prejudicial, under the circumstances of the case, that an admonition could not cure it."[10] As such, upon Lewis's objection and the trial court's recognition that portions of the indictment were read in error, it was within the trial court's discretion to determine whether the jury should be admonished or whether the error was so prejudicial that a mistrial was required.

Lewis likens his case to *Clay v. Commonwealth*, in which a trial court failed to bifurcate a defendant's trial for trafficking cocaine and the subsequent offense of being a persistent felony offender.[11] We found that, in that case, the defendant's case was fatally prejudiced by the mention of his previous offense during the trial and the testimony of two parole officers at the trial about the defendant's previous felony conviction.[12] We held that, instead, his trial should have been bifurcated and the previous convictions should not have been mentioned until the sentencing portion of the trial.[13]

We find Lewis's case distinguishable from *Clay*. Lewis's trial was bifurcated into a guilt phase and a sentencing phase. Outside of the trial

---

[9] *Boyd v. Commonwealth*, 439 S.W.3d 126, 132 (Ky. 2014); *see also Jacobsen v. Commonwealth*, 376 S.W.3d 600, 611 (Ky. 2012).

[10] *Price v. Commonwealth*, 59 S.W.3d 878, 881 (Ky. 2001).

[11] *Clay v. Commonwealth*, 818 S.W.2d 264, 265 (Ky. 1991), *abrogated on other grounds by Bratcher v. Commonwealth*, 424 S.W.3d 411 (Ky. 2014).

[12] *Id.* at 266.

[13] *Id.*

court's error in reading Lewis's indictment in its entirety, no evidence or testimony was admitted during the guilt phase regarding Lewis's previous convictions. Although *Clay* mentions the erroneous reading of an indictment as a factor in determining whether a mistrial is required in such a case, this factor alone is not dispositive. We find that the brief mention of Lewis's previous conviction and the admonition that followed did not seriously prejudice Lewis's case such that a mistrial was required.

Lewis similarly tries to analogize his case to *Commonwealth v. Ramsey*, in which this Court held that KRS 189A.010(4) is a sentencing statute that enhances the penalty for repeat DUI offenders rather than a creation of a new statutory offense ("driving under the influence, fourth offense").[14] As such, we held that a charge under that statute required a bifurcated trial: a guilt phase to prove the DUI in the present indictment and a sentencing phase to prove the previous offenses.[15] We determined that the trial court was correct in granting the defendant's motion in limine to exclude evidence of the prior convictions from the guilt phase of the trial, so we remanded the case to the trial court to proceed with the bifurcated trial.[16]

In the present case, however, Lewis does not allege that the trial court failed to bifurcate the trial, nor did the Commonwealth attempt to introduce evidence of Lewis's prior convictions. The error made by the trial court in

---

[14] *Commonwealth v. Ramsey*, 920 S.W.2d 526, 528 (Ky. 1996).

[15] *Id*. at 528–29.

[16] *Id*.

reading Lewis's full indictment to the jury during the guilt phase did not have the prejudicial effect we sought to avoid in *Ramsey* because the jury in the present case was admonished to disregard the information, and we presume the admonition to be curative. We do not find that this Court's decision in *Ramsey* compels us to deem the error committed in Lewis's case to be gravely prejudicial, requiring a mistrial.

Overall, Lewis fails to state how his case was prejudiced in such a way that necessitates a mistrial rather than an admonition. Instead, Lewis makes hay of the fact that this error occurred at an early stage in the proceedings, before voir dire had been conducted and the jury sworn in. He argues that it is the responsibility of the trial court to err on the side of caution and empanel a new jury when an error occurs so early in the proceedings. We find Lewis's focus on judicial economy to be immaterial to our analysis. Instead, we consider only the extent of potential prejudice to the defendant resulting from the error.

Because we find no manifest injustice in the trial court's decision to deny Lewis's request for a mistrial, we find that the trial court did not err in correcting the error by providing the jury with an admonition to disregard the reading of the indictment.[17] We presume that the jury followed such admonition, curing any error that occurred.[18]

---

[17] Lewis failed to raise an objection to the language of the admonition itself, so we decline to analyze its efficacy here and instead accept its curative presumption.

[18] *Johnson v. Commonwealth,* 105 S.W.3d 430, 441 (Ky. 2003).

## B. The trial court did not err in allowing post-arrest photos of Lewis to be admitted into evidence.

During pre-trial discovery, the Commonwealth provided Lewis with several photographs it intended to introduce into evidence. The photographs were images of Lewis's tattoos that were taken while Lewis was in police custody for the charges in the present indictment. The Commonwealth intended to introduce the images for the purpose of identification—to prove that Lewis was the individual depicted in the body-camera footage selling heroin to Sweigart. Lewis objected to the introduction of the photos on the grounds that they violated his Fourteenth Amendment right to due process and a fair trial.

We review evidentiary rulings concerning the admission of evidence under an abuse-of-discretion standard.[19] We will disturb the trial court's decision only if we find it to be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[20]

In order to be admissible, evidence must be relevant, meaning that it has a tendency to either prove or disprove an element of the offense at issue.[21] The determination of relevance is within the discretion of the trial court, and our laws of evidence "tilt[] heavily toward admission over exclusion, for there is an inclusionary thrust in the law that is powerful and unmistakable."[22] In this

---

[19] *Rucker v. Commonwealth*, 521 S.W.3d 562, 569 (Ky. 2017).

[20] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

[21] KRE 402; *Tuttle v. Perry*, 82 S.W.3d 920, 922 (Ky. 2002).

[22] *Tuttle*, 82 S.W.3d at 922 (quoting Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2.05, at 53 (3d ed., Michie Co. 1993)).

case, because Lewis pleaded not guilty to the charged offenses, the identity of the person depicted in the body camera footage selling heroin was highly relevant to the case. In this regard, the trial court did not err in admitting the photographs into evidence.

Beyond relevancy, Lewis objects to the admission of the photographs on Fourteenth Amendment grounds, claiming that admission of the photographs violates his due process right to a fair trial. Lewis contends that the photos reveal to the jury that he was in jail because they include slivers of his orange prisoner's clothes and display a background of cement block walls. Lewis likens the admission of the photographs into evidence to cases in which a defendant is required to attend his own trial in prison clothes or shackles. In such cases, both this Court and the United States Supreme Court have found that requiring the defendant to be tried while in prison clothes, over the defendant's objection, is in violation of that defendant's right to a fair trial.[23]

In *Scrivener v. Commonwealth*, this Court found that the trial court committed reversible error when it denied a defendant's request for a continuance so that the defendant could be tried in street clothing rather than prison clothing. Relying on the United States Supreme Court's decision in *Estelle v. Williams*, we held that requiring a defendant to be tried in prison clothing creates a "possible impairment of the presumption [of innocence] so basic to the adversary system" such that it would be "repugnant to the concept

---

[23] *Scrivener v. Commonwealth*, 539 S.W.2d 291, 292 (Ky. 1976); *Estelle v. Williams*, 425 U.S. 501, 512 (1976).

10

of equal justice embodied in the Fourteenth Amendment."[24]  We fail to find

Lewis's case so analogous to *Scrivener* to come to the same result.

Lewis urges us to apply the test set out by the Kentucky Court of Appeals

in *Redd v. Commonwealth* to determine the admissibility of the photographs.[25]

In that case, the defendant's mug shots from previous incidents were admitted

into evidence and identified to the jury as such.  The court held that, in order

for the introduction of the mug shots to be proper, "(1) the prosecution must

have a demonstrable need to introduce the photographs; (2) the photos

themselves, if shown to the jury, must not imply that the defendant had a

criminal record; and (3) the manner of their introduction at trial must be such

that it does not draw particular attention to the source or implications of the

photographs."[26]  In applying this test, the court found that the admission of the

defendant's mug shots constituted reversible error because the photographs

and their introduction implied that the defendant had a criminal record and

drew particular attention to that record.[27]

The test applied by the court in *Redd* was adopted from *United States v.*

*Harrington*, a Second Circuit Court of Appeals case in which the court

examined the permissibility of introducing a mugshot into evidence.[28]  In this

case, however, the images at issue are not mug shots, nor are they readily

---

[24] *Scrivener*, 539 S.W.2d at 292 (quoting *Estelle*, 425 U.S. at 504).

[25] 591 S.W.2d 704, 708 (Ky. App. 1979).

[26] *Id.*

[27] *Id.*

[28] 490 F.2d 487, 494 (2nd Cir. 1973).

11

recognizable as having been taken while the defendant was in police custody. To put it simply, the images bear no "badges of custody."[29]  Instead, we find the images to be ordinary depictions of the defendant's physical attributes.  As such, we consider their admissibility not under the *Redd* test but simply under the KRE 403 balancing test.[30]

KRE 403 provides an exception to the admission of relevant evidence: "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  In applying this rule, we must consider whether the probative value of the photos of Lewis's tattoos substantially outweighs the danger of undue prejudice caused by the images.

We first consider the prosecution's purpose in introducing the photographs into evidence.  Because Lewis contests the trafficking charge against him, photographic evidence proving the identity of the person depicted in the body-camera footage is highly probative.  The Commonwealth did not request Lewis to exhibit his tattoos at trial, so this evidence is best introduced to the jury through photographic evidence.  We find that the photographic

---

[29] *Deal v. Commonwealth*, 607 S.W.3d 652, 666 (Ky. 2020).

[30] If the photos in this case included "badges of custody," the appropriate test for determining their admissibility would be the test outlined by this Court in *Deal v. Commonwealth*, 607 S.W.3d 652, 663 (Ky. 2020).  Although the test in *Deal* is similar to that in *Redd*, it also incorporates several United States Supreme Court decisions and opinions of this Court published after *Redd*.  However, because no "badges of custody" existed in the photos in this case, we need not reach that analysis here.

12

evidence establishing the identity of the individual depicted in the body-camera footage is highly probative.

Next, we consider whether the photographs of Lewis admitted into evidence imply that he has a criminal record such that his case is prejudiced. The images in question were modified to hide Lewis's prisoner's clothing as well his location. Although the images still contain slivers of orange prisoner's clothing and a background of cement block walls, we do not find these images to communicate that Lewis was in police custody when they were taken. Thus, we do not find the images to prejudice Lewis's case. Additionally, we recognize that jurors are aware that the defendant on trial was, at some point, arrested and placed in police custody prior to trial. So even if the jurors inferred that these images were generated while Lewis was in custody, we do not find that this created a necessary implication that Lewis had been charged or convicted of crimes prior to those at issue in this case. We find that the probative value of the photographs admitted substantially outweighs any possibility of prejudice to Lewis and, as such, the trial court did not err by admitting the photos into evidence.

### III. CONCLUSION

For the reasons stated, we affirm the judgment.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Office of the Solicitor General